[No. 13426. In Bank. — June 3, 1891.]

THE RIVERSIDE WATER COMPANY, RESPONDENT, *v.* MATTHEW GAGE, APPELLANT.

WATER RIGHTS — ACTION TO DETERMINE ADVERSE CLAIM — PLEADING — OWNERSHIP — DIVERSION OF PART. — In an action to determine the adverse rights of the parties to the waters of a stream, where the complaint alleges that the plaintiff is the owner of and entitled to the use of all the water at the point where the defendant's dam was erected, in excess of 200 inches, an allegation that the plaintiff has been deprived of the use and enjoyment of upwards of 450 inches of water by the acts of the defendant in erecting the dam does not limit the plaintiff's claim to the 450 inches, or in any manner qualify the allegation that the plaintiff owns all the water in excess of 200 inches.

ID. — OWNERSHIP OF CORPUS OF WATER — RIGHT OF USE — FINDING. — The rule that an appropriator of water does not become the owner of the very body of the water as his personal property, until he has acquired the control of it in conduits or reservoirs of his own, does not apply where the plaintiff is not seeking to recover the value of water which had become his personal property, but is seeking the determination of the adverse claim of the defendant of the right to divert and use a portion of it; and a finding in such action that the plaintiff is the owner and has the right to the use of all the water flowing in the stream at the defendant's dam in excess of a certain quantity is not in conflict with such rule.

ID. — FINDINGS — MATTER OUTSIDE OF ISSUES — PRESCRIPTIVE RIGHT — RIPARIAN RIGHT — STATUTE OF LIMITATIONS. — Where the complaint alleged ownership and right of use in a certain portion of the waters of

a river, an adverse and unfounded claim by the defendant to and a wrongful diversion of a portion of the water, and the answer admitted the defendant's adverse claim, alleged that it was valid, and denied the wrongful diversion, and the findings on the issues raised are as broad and specific as the pleadings themselves, and contain everything necessary to support the judgment, findings that the plaintiff has acquired a prescriptive right to the water as against the defendant, and that the defendant is barred by certain sections of the statute of limitations from the assertion of any rights he may have had as a riparian owner, being upon issues not raised by the pleadings, and not necessary to support the judgment, are not material; and the failure to find the facts from which the prescriptive right arose, and the facts necessary to show that defendant was barred by the statute of limitations, is not error.

ID. — PLEADING — RIPARIAN RIGHT — INSUFFICIENT DEFENSE — DIVERSION FOR IRRIGATION — FINDINGS — CONSISTENCY.— An answer pleading a prior appropriation of a portion of the water in controversy, and also alleging that the defendant is the owner of a tract of land through which the river flowed, and that most of the tract was susceptible of and would be benefited by irrigation, but which fails to allege that he was entitled as a riparian owner to any definite quantity of the water, or what portion he could reasonably exhaust for that purpose, or whether the land was above or below the point of the plaintiff's diversion, is insufficient to raise any issue as to the extent of the defendant's right, as a mere riparian proprietor, to divert and exhaust any portion of the water as against the plaintiff; nor does a finding corresponding to such allegations conflict with a general finding in favor of the plaintiff as to his ownership of the water decreed to him.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Byron Waters, Kellogg & King,* and *William G. Webb,* for Appellant.

The right of the riparian proprietor to the flow of the stream is inseparably annexed to the soil, and passes with it, not as an easement or appurtenant, but as a part and parcel of it. Use does not create the right, and disuse cannot destroy or suspend it. The right in each extends to the natural and usual flow of all the water, unless where the quantity has been diminished as a consequence of the reasonable application of it by other riparian owners. (*Lux* v. *Haggin,* 69 Cal. 390; *Winslow*

v. *Troy Iron and Nail Factory*, 36 Barb. 311; *Tyler* v. *Wilkinson*, 4 Mason, 397; *Heath* v. *Williams*, 29 Me. 209; 43 Am. Dec. 265, and note 269–279; *Adams* v. *Barney*, 55 Vt. 225; 4 Kent's Com. 439; *Hill* v. *Newman*, 5 Cal. 445; 63 Am. Dec. 140; *Ferrea* v. *Knipe*, 28 Cal. 340; 87 Am. Dec. 128; *Hanson* v. *McCue*, 42 Cal. 303; 10 Am. Rep. 209; *Creighton* v. *Evans*, 53 Cal. 55; *Hale* v. *McLea*, 53 Cal. 578; *Pope* v. *Kinman*, 54 Cal. 3; *Van Sickle* v. *Haines*, 7 Nev. 249; *Anaheim Co.* v. *Semi-T. Co.*, 64 Cal. 185; *Heilbron* v. *Canal Co.*, 75 Cal. 426; 7 Am. St. Rep. 183; *Bliss* v. *Johnson*, 76 Cal. 597.) The repeal of section 1422 of our Civil Code, by the act of March 15, 1887, does not affect Gage, as his rights were acquired before the repeal of that act, and are protected by the proviso to the act. A riparian owner may take the water at any point on the stream, and may change the point of diversion at his pleasure, provided he does not injuriously affect the rights of others. (*Junkans* v. *Bergin*, 67 Cal. 267; *Lux* v. *Haggin*, 69 Cal. 394; *Kidd* v. *Laird*, 15 Cal. 161; 76 Am. Dec. 472; *Butte T. M. Co.* v. *Morgan*, 19 Cal. 609; *Seiber* v. *Frink*, 2 West. Coast Rep. 98.) The right of a riparian owner does not depend upon his appropriation of the water to any particular purpose, or even to any purpose whatever. (*Pope* v. *Kinman*, 54 Cal. 3; *Van Sickle* v. *Haines*, 7 Nev. 260, 268, 272; *Creighton* v. *Evans*, 53 Cal. 55; *Ferrea* v. *Knipe*, 28 Cal. 341; 87 Am. Dec. 128.) The law recognizes certain natural uses of water as paramount to all others, such as for watering his stock and household and domestic purposes, and for these purposes a riparian owner higher up the stream than others may use all the water, if necessary for these purposes. (*Ferrea* v. *Knipe*, 28 Cal. 341; 87 Am. Dec. 128; *Shook* v. *Colohan*, 12 Or. 239; *Lux* v. *Haggin*, 69 Cal. 395; *Tolle* v. *Correth*, 31 Tex. 362; *Stein* v. *Burden*, 29 Ala. 132; 65 Am. Dec. 394.) He is entitled to a reasonable use of the water for manufacturing purposes. (Pomeroy on Riparian Rights, secs. 125–

127, and authorities cited in notes thereto; 4 Kent's Com. 429.) He is also entitled to the use of the water to irrigate all the lands requiring irrigation which he owns in one body bordering on a stream, having due regard to the rights of other riparian owners on the same stream. (*Lux* v. *Haggin*, 69 Cal. 394–409; *Ellis* v. *Tone*, 58 Cal. 289; *Davis* v. *Getchell*, 50 Me. 602; 79 Am. Dec. 636; *Anaheim Co.* v. *Semi-T. Co.*, 64 Cal. 185; *Plumleigh* v. *Dawson*, 1 Gilm. 544; 41 Am. Dec. 199; *Van Sickle* v. *Haines*, 7 Nev. 249; *Learned* v. *Tangeman*, 65 Cal. 334; *Union Mill Co.* v. *Ferris*, 2 Saw. 176; *Baker* v. *Brown*, 55 Tex. 377; *Dumont* v. *Kellogg*, 29 Mich. 420; 18 Am. Rep. 102.) As Gage owned lands on both banks of the river for three miles, it follows that he owned the whole bed or land of the river for that distance, as his ownership extended to the center of the river from each bank. (Angell on Watercourses, secs. 10, 95, and cases cited; *Ornbaum* v. *His Creditors*, 61 Cal. 459; Washburn on Easements, p. 198, sec. 1, subd. 13.) In order to establish a right by prescription, the acts by which it is sought to establish it must operate as an invasion of the right of the party against whom it is set up, and the enjoyment relied on must be of such a character as to afford ground for an action by the other party. (*Anaheim Water Co.* v. *Semi-Tropic Water Co.*, 64 Cal. 192; Gould on Waters, sec. 334, and authorities cited.) To acquire this prescriptive right, there must have been an uninterrupted enjoyment under claim of right for the period of five years; there must have been an actual occupation of the flow of water to the knowledge of the adverse claimant, and such as to occasion him damage and give him a right of action; and there must have been such a use of the premises and such damage as will raise a presumption that the adverse claimant would not have submitted to it unless the other party had acquired a right so to use it. (*Grigsby* v. *Clear Lake Water Co.*, 40 Cal. 406.) Possession or actual appropriation must be

the test of priority in all claims to the use of water, whenever such claims are not dependent upon the ownership of land through which the water flows. (*Kelly* v. *Natoma Water Co.*, 6 Cal. 108.) In order that enjoyment of an easement in another's land may be conclusive of the right claimed, it must have been adverse in the legal sense of the term; that is, the right must have been asserted under a claim of title with the knowledge and acquiescence of the owner of the land, and uninterrupted. The burden of proving this is on the party claiming the easement. If he leaves it doubtful whether the enjoyment was adverse, known to the owner, and uninterrupted, it is not conclusive in his favor. (*American Co.* v. *Bradford*, 27 Cal. 368; 2 Greenl. Ev., sec. 539; Greenleaf's Cruise on Real Property, tit. 31, c. 1, note 1 to sec. 21, and cases therein cited; *Sargent* v. *Ballard*, 9 Pick. 251; *White* v. *Loring*, 24 Pick. 319; *Stevens* v. *Taft*, 11 Gray, 33; Washburn on Easements, pp. 131, 132, sec. 4, subds. 26, 26 a.) No presumption can arise against a party on the ground of long enjoyment of a privilege, until it is shown that the privilege in some measure interfered with the rights of the party whose grant it is to be presumed, and that he had a legal right to prevent such enjoyment by proceedings at law. (*Wheatley* v. *Baugh*, 25 Pa. St. 527; 64 Am. Dec. 721; *Hoy* v. *Sterrett*, 2 Watts, 330; 27 Am. Dec. 313; see Angell on Watercourses, sec. 215 a; *Hanson* v. *McCue*, 42 Cal. 303; 10 Am. Rep. 299.) Where one proprietor of land upon one shore appropriates and applies to his individual use so much of the passing water as he is entitled to, even if it be the whole of it, by means of structures erected upon and within the limits of his own estate, and the proprietor of the land on the opposite shore neither uses nor seeks to use, nor makes any provision nor has any occasion for the use of any part of the stream or proportion of the water to which he is entitled, there is nothing adverse in the action of the former. (*Pratt* v. *Lamson*, 2 Allen, 275, 288, 289; Angell on Watercourses, sec. 219 b.)

*R. E. Houghton,* for Respondent.

The findings that the plaintiff has, as against the defendant, Gage, acquired by prescription the right to divert all of the water from the Santa Ana River during the irrigating season in excess of 289½ inches, and that the defendant, Gage, is barred by the statute of limitations from claiming the right to divert the water from the Santa Ana River, are clearly sufficient as findings of fact, and are findings of fact. (*Oakland Gas Light Co.* v. *Dameron,* 67 Cal. 663; *Hagely* v. *Hagely,* 68 Cal. 348; *Daly* v. *Sorocco,* 80 Cal. 367; see *Murphy* v. *Bennett,* 68 Cal. 528.) A party may by prescription acquire the right to divert water of a stream as against a riparian proprietor whose land lies above the point where the water is diverted. (*Cannon* v. *Stockman,* 36 Cal. 535; 95 Am. Dec. 205; *Pillsbury* v. *Moore,* 44 Me. 155; 69 Am. Dec. 91; *Townsend* v. *McDonald,* 12 N. Y. 381; 64 Am. Dec. 508; *Bullen* v. *Runnells,* 2 N. H. 255; 9 Am. Dec. 55; Angell on Watercourses, sec. 1301; *Colburn* v. *Richards,* 13 Mass. 420; 7 Am. Dec. 160; *Cook* v. *Hull,* 3 Pick. 269; 15 Am. Dec. 208; *Weston* v. *Alden,* 8 Mass. 136; *Watkins* v. *Peck,* 13 N. H. 360; 40 Am. Dec. 156; *White* v. *Chapin,* 12 Allen, 519; *Smith* v. *Adams,* 6 Paige, 435; *Tyler* v. *Wilkinson,* 4 Mason, 404.) The right of a riparian proprietor in and to the waters of a stream can be lost by limitation and acquired by others by prescription. (*Heilbron* v. *Water Ditch Co.,* 75 Cal. 117; *Alhambra W. Co.* v. *Richardson,* 72 Cal. 598; *Cox* v. *Clough,* 70 Cal. 345; *Anaheim W. Co.* v. *Semi-Tropic W. Co.,* 64 Cal. 185.) The findings of the ultimate facts as to the respective rights of the plaintiff and defendant, the latter to diverting 289½ inches, the former to all of the remaining water running down the river during the irrigating season, rendered any other finding unnecessary. (*Marshall* v. *Shafter,* 32 Cal. 193.) The finding that the plaintiff had acquired by prescription, as against defendant, the right to have certain water flow down the Santa Ana River, and the finding that the de-

fendant was barred by certain sections of the Code of Civil Procedure from diverting under his rights as riparian proprietor, being findings of ultimate facts, include a finding of all and every fact essential to entitle the plaintiff to gain such right by prescription and to lose for the defendant his rights by limitation. (*Lewis* v. *Kelton*, 58 Cal. 303.) There being no contradiction in the findings, and this being an appeal from the judgment on the judgment roll, and as the ultimate facts found sustain the judgment, the judgment cannot on appeal be reversed. (*Robarts* v. *Haley*, 65 Cal. 402.)

BEATTY, C. J.—The plaintiff, a California corporation organized for the purpose of appropriating, owning, selling, and distributing water for the irrigation of lands, and for domestic and other purposes, brings this suit to determine the adverse claim of the defendant to a portion of the waters of the Santa Ana River, and for an injunction restraining the defendant from diverting water in excess of his right.

The findings and decree of the superior court were in favor of the plaintiff, and the defendant appeals from the judgment, claiming that the findings do not correspond with the allegations of the complaint, and that they are insufficient to support the decree.

The substance of the decree is, that the plaintiff is, as against the defendant, the owner and entitled to the use of all the water flowing in the Santa Ana River at the head of defendant's ditch, during the irrigating season of each year, i. e., the months of May, June, July, August, and September, except 289½ inches, which the defendant owns and is entitled to use, and the defendant is perpetually enjoined from diverting or obstructing the flow past his ditch of any water in excess of that quantity.

It is contended, in the first place, that this decree is erroneous because it goes entirely beyond the case made

by the allegations of the complaint. But we think counsel for appellant misconstrues the complaint. It alleges very clearly and explicitly that the plaintiff at the commencement of the action was, and for more than ten years prior thereto had been, the owner and entitled to the use of all the waters flowing in the Santa Ana River at the point where defendant's dam was erected, in excess of two hundred inches measured under a four-inch pressure; that defendant claimed some estate, title, or interest in said waters in excess of said two hundred inches, which claim was wrongful and unfounded, and that he had wrongfully and without right placed obstructions in the river which prevented the water from flowing down to plaintiff as it was of right accustomed to flow, whereby plaintiff had been deprived of the use of upwards of four hundred and fifty inches of water.

This is not a claim, as appellant's counsel contends, that the plaintiff is owner and entitled to the use of four hundred and fifty inches, and no more, of the water flowing in the Santa Ana River at the defendant's dam, but, on the contrary, is a claim of all the water flowing at that point except two hundred inches, and that the defendant's claim to any water in excess of that quantity is wrongful and unfounded. The allegation that plaintiff has been deprived of the use and enjoyment of *upwards* of four hundred and fifty inches of water by the acts of defendant in erecting the dam does not limit the plaintiff's claim to that quantity, or in any manner qualify the allegation that it owns all the water in excess of two hundred inches.

The issue tendered on this point was very clearly defined by the express admission of the defendant in his answer, that he did claim all the water flowing in the Santa Ana River at the point of his dam, and his allegation that his claim was lawful and valid.

The findings of the court were exactly responsive to this issue, and the decree follows the findings.

The second point made by appellant is a refinement upon the first, and consists of a criticism upon the allegation and finding that the plaintiff was the owner of a quantity of water at the defendant's dam. It is urged that an appropriator of water does not become the owner of the very body of the water as his personal property, until he has acquired the control of it in conduits or reservoirs of his own. (Citing *Canal Co.* v. *Hoyt*, 57 Cal. 46.)

The proposition as stated is undoubtedly correct, and if in this case, as in the case cited, the plaintiff's right of action depended upon its ownership of the *corpus* of the water at defendant's dam as its personal property, the objection to the findings would be material. But in this case the plaintiff is not seeking to recover the value of water which had become its personal property. It is seeking the determination of the adverse claim of defendant to the right to divert and use a portion of the stream, and the allegation and finding of ownership and right of use of all water flowing in the stream at defendant's dam in excess of a certain number of inches is only a mode, and a very apt and sufficient mode, of designating the quantity of water to the unobstructed flow of which the plaintiff is entitled.

The remaining points urged by the appellant all relate to various specific findings of the court to the effect that plaintiff has acquired by prescription certain rights as against the defendant, and the defendant is barred by certain sections of the statute of limitations from the assertion of any rights he may have had as a riparian owner.

It is contended by the appellant that it is not enough to find that the plaintiff has acquired a prescriptive right to water as against the defendant, but that the facts must be found from which a prescriptive right arises; and it is further contended that although the bar of the statute of limitations may be pleaded by a bald

allegation that a claim or defense is barred by a particular section of the code, a finding upon such issue is not sufficient unless it shows the existence of every fact necessary to bring the party pleading the statute within the provisions of the section relied on.

All this may be so in a case where the fact of prescription or the bar of the statute is directly and necessarily in issue; but if a finding on these points is not necessary to support the decree, and is not made necessary by the pleadings, as we think is the case here, the insufficiency of the finding becomes immaterial.

The complaint in this case alleges ownership and right of use in a certain portion of the waters of the Santa Ana River, an adverse and unfounded claim by defendant to and a wrongful diversion of a portion of such waters.

The answer admits defendant's adverse claim, alleges that it is valid, and denies the *wrongful* diversion.

The findings of the court are as broad and as specific on these points as the pleadings themselves, and contain everything necessary to support the judgment

If the findings as to prescription and the statute of limitations are not sufficient as findings on those points, they may be left out of consideration, and still the judgment is sustained by the findings that remain. Of course, if there was anything in the findings in question inconsistent with those which are required to support the judgment, they could not be left out of consideration, but they present no such inconsistency. They also support the judgment, so far as they go, and the only fault found with them is, that they are not sufficiently specific.

It may be contended, however, and no doubt that is the view of appellant's counsel, that the matters alleged by the defendant in his answer rendered full and specific findings on those points necessary.

The answer of defendant sets up the facts, among others, that the Santa Ana River rises in the mountains

and flows through a narrow cañon for about thirty miles to the point where it debouches into the San Bernardino valley; that immediately below the point where it enters the valley its waters were diverted by appropriators, not parties to this suit, as early as 1857, who have ever since continued so to divert and use such waters; that other appropriators made subsequent appropriations lower down on the stream by means of ditches, and for purposes sufficient to more than exhaust its entire flow; that the plaintiff's pretended claim is subsequent and subordinate to all these appropriations, and its point of diversion below them on the stream.

To certain of these earlier rights by appropriation the defendant claims to have succeeded, and by reason thereof to have a right superior to that of the plaintiff. He plants himself, in other words, upon the ground of prior appropriation and prescriptive right.

As to all these matters the findings of the court are full and specific. It is found that there were such earlier appropriations, that the defendant has succeeded to the rights of certain of the appropriators, and the water awarded to him by the decree is the quantity which it is found was appropriated by his grantors prior to the appropriation under which the plaintiff claims.

There can be and there is no complaint that the findings are insufficient as to the rights of the defendant as an appropriator.

But in addition to the appropriations upon which the defendant seems mainly to have relied, he did allege in his answer that he was the owner of a tract of land containing about twenty-six hundred acres, through and over which the Santa Ana River flowed for a distance of about three miles, and that most of the tract was susceptible of and would be benefited by irrigation. He did not, however, allege that he was entitled as a riparian owner to any definite quantity of water for the irrigation of his riparian lands, nor did he allege any facts show-

ing or tending to show what proportion of the waters of the stream he could reasonably exhaust for that purpose. Nor is it alleged whether his land was above or below the point of plaintiff's diversion.

In short, we think the answer insufficient to raise any issue as to the extent of defendant's right as a mere riparian proprietor to divert and exhaust any portion of the waters of the stream. The finding on this point is as full and no fuller than the allegation, and does not conflict with the general finding in favor of plaintiff as to ownership of the water decreed to it.

It was not necessary, therefore, to support the conclusions and judgment of the court, to find that the plaintiff had gained a prescriptive right, or that the defendant was barred of his riparian right; and conceding these findings to be as insufficient as appellant contends they are, we think the other findings cover all the material issues, and fully support the judgment.

Judgment affirmed.

McFarland, J., Paterson, J., Garoutte, J., and Sharpstein, J., concurred.

Rehearing denied.