[L. A. No. 1863.   Department Two.—June 5, 1907.]

# MONTECITO VALLEY WATER COMPANY, Respondent, v. CITY OF SANTA BARBARA et al., Defendants. JAMES L. BARKER, Appellant.

WATER-RIGHTS—WRONGFUL DIVERSION—RESTORATION MAY BE DECREED AT PARTICULAR PLACE.—In an equitable action to enjoin the unlawful diversion of water from the person lawfully entitled thereto, the court has power, by its judgment, to direct the wrongful diverter to restore the water to the owner at a particular place where its restoration would be beneficial to him, rather than at another place where its restoration would be without benefit.

ID.—RIPARIAN RIGHTS—PLEADING.—In an action to determine conflicting rights to the waters of a stream, a riparian owner, who makes claim to a portion of the waters as such, must allege his riparian need for the use of the waters, both as to the quantity of water and amount of land upon which they are to be employed.

ID.—LANDS VALUELESS FOR AGRICULTURAL PURPOSES.—A riparian proprietor of lands valueless for agricultural purposes, upon which waters are derived, has no right to use such waters for distribution to other localities beyond the watershed.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court and in the opinion in *Montecito Valley Water Co.* v. *City of Santa Barbara,* 144 Cal. 578.

W. S. Day, for Appellant.

George H. Gould, and Canfield & Starbuck, for Respondent.

HENSHAW, J.—The facts, conditions, and circumstances of this case may be learned by reference to *Montecito Valley Water Co.* v. *City of Santa Barbara,* 144 Cal. 578, [77 Pac. 1113], which was another appeal in the same litigation.   This is an appeal by James L. Barker, who the court found was unlawfully depriving the respondent of two and a half inches perpetual flow of water.   The court required appellant to deliver this two and a half inches to respondent "out of the waters conveyed by defendant from his said

tunnel in his said flume or conduit into the box or appliance connected with the pipe-line constructed or to be constructed by plaintiff,'' etc. Appellant's contention is that he should be allowed to discharge this water into the bed of the stream thirteen hundred feet above respondent's dam. The effect of this unquestionably would be that respondent would lose the water, because the intervening Eaton tunnel would draw down a portion of it, and, the bed of the stream having become dry, the rest would be wasted by percolation and evaporation. Appellant's contention then amounts to this, that, notwithstanding he is a wrongdoer, he should be permitted to dispose of the waters, of which he has unlawfully deprived respondent, in such a manner as to do neither himself nor the respondent the slightest good. The judgment which the court rendered contained a wise provision for the conservation of these waters, and the direction for their disposition by appellant was not only clearly within the equitable powers of the court, but wholly just.

Appellant's claim to the waters as a riparian owner is not pressed with much seriousness, and this is natural, considering that there is no pleading as to his riparian need for use of these waters, either as to quantity or amount of land upon which they are to be employed. (*Riverside Water Co. v. Gage,* 89 Cal. 410, [26 Pac. 889].) Moreover, it is without dispute in the case, and so declared upon the appeal in *Montecito Valley Water Co. v. City of Santa Barbara,* 144 Cal. 578, [77 Pac. 1113], that the lands upon which the waters are derived are valueless for agricultural purposes, and the waters are carried for use to cities, towns, and fertile lands beyond the watershed. A riparian proprietor's claim to make such use of the waters of a stream is of course without legal foundation.

The judgment appealed from is therefore affirmed.

McFarland, J., and Lorigan, J., concurred.