[Civ. No. 2594. Second Appellate District, Division One.—November 23, 1918.]

## CHARLES E. SHERWOOD, Respondent, v. I. A. WOOD et al., Appellants.

WATERS AND WATER RIGHTS—APPROPRIATION—CONFLICTING CLAIMS.— In an action to determine conflicting claims of different appropriators to the waters of a stream under section 1416 of the Civil Code, whether under conflicting evidence the different acts constituting the appropriation were sufficient in character and were consummated within a reasonable time were questions for the trial court to determine.

ID.—POSSESSORY RIGHTS IN LANDS.—Appropriation of waters may be made for use upon lands held by possessory rights only.

ID.—RIPARIAN RIGHTS IN PUBLIC LANDS.—One who obtains the right to occupy public lands riparian to a stream takes such right subject to those of a prior appropriator of the waters.

APPEAL from a judgment of the Superior Court of Inyo County, and from an order denying a new trial. Wm. D. Dehy, Judge.

The facts are stated in the opinion of the court.

Trippet, Chapman & Biby, and Ward Chapman, for Appellant.

S. E. Vermilyea and S. L. Carpenter, for Respondent.

JAMES, J.—This action was brought for the purpose of determining conflicting claims to the waters of a stream called Birch or Summit Creek, which has its course in the Sierra Nevada Mountains in the county of Inyo. The court determined that, as between the parties plaintiff and defendants, both being appropriators, the right of the plaintiff was the better, and entered judgment accordingly. Defendants appeal from the judgment and from an order denying their motion for a new trial.

Plaintiff and defendants both claimed to be entitled to use the waters of the creek for agricultural purposes upon lands occupied by them, with this difference: That the lands of the plaintiff did not lie upon or along the stream, but were situated several miles distant therefrom. In order to obtain water from the creek, the plaintiff was obliged to construct a ditch and conduct the water over and across the intervening elevations of land. Under the plan adopted by the plaintiff the water, after passing through such a ditch, would fall into the bed of a dry creek, which watercourse extended to the plaintiff's land. The lands of the defendants did lie upon Birch Creek below the point of diversion selected by the plaintiff. In June, 1910, the plaintiff obtained from the appropriate federal department a permit to use 150 acres of land, tne permit providing that the purpose was to allow the plaintiff to clearly establish the fact that the land was chiefly valuable for agricultural purposes, preliminarily to the land being listed as open to entry. Prior to that time plaintiff had gone

upon the land and had secured a federal permit to enable him to construct a water ditch to the property, commencing at a point on Summit Creek, hereinbefore mentioned. On the 17th of May, 1909, plaintiff had posted and filed notice of water appropriation on Summit Creek, claiming all of the water flowing in the stream, to the extent of two hundred inches measured under four-inch pressure. The form of notice and posting were all in full compliance with the terms of section 1415 of the Civil Code. Plaintiff testified that he began the work of constructing the ditch in January, 1910, and completed the ditch and turned the water into it prior to April of the same year; that at that time the water ran through the ditch into the dry wash mentioned and through the dry wash to the land occupied by the plaintiff; that he used the water there in the year 1911, made a small garden, planted seeds of plum and peach trees and some vegetables, which he irrigated with the water; that the water continued to run until the latter part of May or the 1st of June, and that, in addition to the crops mentioned, alfalfa and potatoes were planted. None of these crops matured, however, as the water was turned off at the instance of the defendants, who refused to allow the plaintiff to further divert it, and claimed that they had appropriated all the waters of the stream to their use. It seems that the defendants made application for leave to use approximately 135 acres of land to the forestry department of the United States in May, 1911, and that they received a special use permit dated July 17, 1911. This permit was of similar kind to that theretofore granted to the plaintiff covering the lands sought to be used by him for agricultural purposes. On the 22d of May, 1911, the defendants posted and recorded notice of water appropriation on Summit Creek, under which appropriation they asserted the right to take the full flow of the stream. It was at this time that they asserted the claimed right as against the plaintiff, and refused to allow the plaintiff to take any of the water of Summit Creek through the ditch theretofore constructed by him. It appears further that homestead filing was made by defendants in November, 1912, on the land occupied by them. It does not appear that any such filing was made by the plaintiff; neither does it appear that his possessory right to the land so occupied by him had been disturbed. It is by this time apparent that the controversy was mainly

one as between different appropriators of water, one appropriation being of date prior to the other; and that so far as the posting and recording of notice is concerned, the plaintiff was first in point of time. If the simple question suggested depended alone upon a showing of relative dates when the claims of the adversaries were made, this discussion could be here brought to an end, for section 1414 of the Civil Code, provides that, "as between appropriators, the one first in time is the first in right"—the section being expressive of the old maxim, *Qui prior est in tempore potior est in jure*. The further claim is made, however, that the plaintiff never did complete the acts necessary to a valid appropriation by putting the water to the intended use. It is insisted that the ditch constructed by the plaintiff was not of such a character as would or could carry the water for the distance described; that it was constructed through rocks and gravel, and that the water flowing therein would, and did, escape from the ditch from the sides thereof and was also absorbed by the gravelly bed of the ditch; that plaintiff was neglectful in making repairs to the ditch, allowed the water to escape, and did not use diligent efforts to subject it to the use designed, and that such neglect worked an abandonment of the right. The plaintiff's testimony was that from the time of the construction of the ditch in 1910, which brought the water to his land, he made no particular use of the same until early in 1911, when he planted some crops and irrigated them with the water; that he had the water running on his land in January, 1911, and that he was making use of it for irrigating purposes at the time the appropriation was attempted to be made by the defendants, who thereafter prevented any water from coming into the ditch at plaintiff's intake. The effect of the court's finding was that the plaintiff had perfected his appropriation, and we think that it must be said that there was evidence to sustain the finding; and that it was for the trial judge to determine as to whether the different acts of appropriation were sufficient in character and were consummated within a reasonable time. Quoting from *Senior* v. *Anderson,* 115 Cal. 503, [47 Pac. 456] : "We do not hold that the Hines appropriation is limited by the quantity of water he could put to a useful purpose upon his land the first or second year, but to such quantity as he could put to a useful purpose upon his land within a reasonable time by the use of reasonable diligence.

'To entitle the defendant, however, to the benefit of such appropriation, he should, within a reasonable time, apply the water to such beneficial use. As fast as he could reasonably put his homestead into cultivation, he is entitled to divert and use the water for that purpose.' " The evidence did show that the work of constructing the ditch was commenced and completed within the limits imposed by section 1416 of the Civil Code. It is true that there was evidence tending to show that the plaintiff allowed his ditch to fall into disrepair, and also evidence tending to show that the ditch was not reasonably adapted to convey the water for the great distance required; but in view of the conflict existing upon these points, the facts must be resolved in support of the findings of the court.

Defendants make the further claim that the court failed to find upon issues presented by their answer, which raised the question of their riparian rights in the waters of the stream. Respondent replies that no such rights were sufficiently pleaded and that no findings were necessary to determine any such issue; citing *Riverside Water Co.* v. *Gage,* 89 Cal. 410, [26 Pac. 889], and *San Luis Water Co.* v. *Estrada,* 117 Cal. 168–182, [48 Pac. 1075]. While we have examined the text of the opinions in those cases, and while they tend strongly to support the contention of respondent, we think that more facts were pleaded by the defendants than are found in the cases cited, as tending to show that the lands of defendants were riparian to Summit Creek, and that all of the water of that creek was necessary for use thereon for agricultural purposes. However, we fail to see how any prejudice could result to defendants by reason of the failure of the court to make a finding upon that issue. Even had the court determined in favor of the defendants that their lands were riparian to Summit Creek, and that all of the waters of that creek were reasonably necessary to the proper irrigation thereof, such finding would not have compelled a judgment in their favor, for reasons which we will state: The defendants, at the time they made their attempted appropriation of the waters of Summit Creek, held possessory rights only in the lands upon which the waters were to be used. That the appropriation of water may be made for use upon such lands so held, there is no question. However, one who obtains the right to occupy public lands riparian to a stream the waters of which

have, at a prior time, been appropriated by another, takes such right subject to those of the prior appropriator. This proposition has been established from the beginning of the cases. (*Irwin* v. *Phillips*, 5 Cal. 140–147, [63 Am. Dec. 113]; *Crandall* v. *Woods*, 8 Cal. 136; *Osgood* v. *El Dorado Water etc. Min. Co.*, 56 Cal. 571; *Lux* v. *Haggin*, 69 Cal. 355, [4 Pac. 919, 10 Pac. 674]; *Hargrave* v. *Cook*, 108 Cal. 72–78, [30 L. R. A. 390, 41 Pac. 18]; *Senior* v. *Anderson*, *supra*.)

There was evidence tending to show that the amount of water claimed under the appropriation made by plaintiff was reasonably necessary for the purposes to which it was sought to be applied.

The judgment and order are affirmed.

Conrey, P. J., and Myers, J., *pro tem.*, concurred.