[Civ. No. 160.   Second Appellate District.—October 16, 1906.]

## HESPERIA LAND AND WATER COMPANY, Respondent, v. GEORGE GARDNER and Mrs. A. F. GARDNER, Appellants.

JUSTICE'S COURT—JURISDICTION—ACTION FOR PRICE OF WATER SOLD—PERSONAL PROPERTY—FINAL JURISDICTION.—A justice's court has jurisdiction of an action to recover $36.37 for the price of water sold, which was contained in ditches and reservoirs of the plaintiffs, which involved the title to personal property only, and not of real estate, and the final jurisdiction of the case is upon appeal to the superior court.

ID.—DISMISSAL OF APPEAL TO THIS COURT.—Neither this court nor the supreme court has jurisdiction of an appeal in such action thereto, and such appeal to this court must be dismissed.

APPEAL from a judgment of the Superior Court of San Bernardino County.   F. F. Oster, Judge.

The facts are stated in the opinion of the court.

J. W. Stephenson, for Appellants.

Mack & Light, and Henry M. Wills, for Respondent.

GRAY, P. J.—This action was originally commenced in the justice's court by the plaintiff corporation to recover from the defendants the sum of $36.37 for water furnished and delivered to the defendants from the water system of the plaintiff. The case was tried in the justice's court and plaintiff obtained judgment in the sum of $32.50. Thereafter the case was appealed to the superior court on questions of law and fact and tried anew, the superior court rendering judgment for $32.50 and costs in favor of the plaintiff. This appeal is brought here from the judgment of the superior court by defendants on the theory that the title of real property is involved in the action. It has several times been held that water diverted from a natural stream into ditches and reservoirs is, when so contained in said ditches and reservoirs, the personal property and not the real estate of the owners

thereof. (*Riverside Water Co.* v. *Gage,* 89 Cal. 410, [26 Pac. 889] ; *McGuire* v. *Brown,* 106 Cal. 660, [39 Pac. 1060].) The only matter presented in the justice's court and in the superior court related to the water furnished after it had been diverted by the water system of the plaintiff. This in no way involved any title or right in real estate, the water itself being personal property. The judgment appealed from involves nothing except the question whether the water was actually furnished to the defendants, and its value. The sum involved being less than $300, and there being no question of the title of real estate in any way connected with the case, the superior court had final jurisdiction of the case on appeal, and neither this court nor the supreme court has any jurisdiction whatever in the matter.

The appeal is therefore dismissed.

Smith, J., and Allen, J., concurred.

The petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 13, 1906.