No. 9664.

Orleans Appeal.

---

GASPAR R. BOSETTA v. S. L. JACOBS.

---

(December 15, 1924, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Laws, Par. 72.**

A verbal contract by which "A", a licensed real estate broker, agrees with "B"—not such a broker—that he will share part of his commission with "B", if the latter secures for "A" a purchaser of property listed by "A", is not a contract prohibited by Act 236 of 1920. Such a contract will be enforced, where "B's" services are shown to have been successfully rendered.

2. **Louisiana Digest, Appeal, Par. 625.**

Where the broker admits the agreement, but contends that compensation less than that claimed was agreed upon, the conclusions of the trial judge as to the amount actually agreed upon, will not be disturbed.

---

Appeal from First City Court for the City of New Orleans, Section "A", Hon. Leon L. Labatt, Judge.

This is a suit to recover a commission for selling property.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

C. S. Hebert, attorney for plaintiff and appellee.

Scott E. Beer, attorney for defendant and appellant.

BELL, J. Plaintiff sues defendant for $180.25, or five per cent. of the selling price of certain property sold by defendant, a licensed real estate broker.

The evidence substantially supports the allegations of the petition, to the effect that plaintiff informed defendant by telephone, in the month of February, 1924, that he had a "real live prospect", who desired to purchase a rooming-house, and that plaintiff would negotiate the purchase thereof through defendant if the latter would pay him five per cent. of the amount of the purchase price for which the property might be sold; that defendant consented to this proposition; that plaintiff introduced defendant to the prospect, who ultimately bought the property through defendant, a licensed real estate broker, for the price of $3,650.00.

The answer is, in effect, a general denial, containing, however, an admission that the defendant was introduced to the purchaser by plaintiff. Defendant also admits in his testimony that he wrote out a check in favor of plaintiff for eighty dollars, in payment of plaintiff's share of the commission, but that plaintiff declined said check, saying he would hold defendant to his agreement.

Though no specific defense by way of pleading was made as to the legality of the agreement sought to be enforced, it was urged by counsel for defendant in the trial court and on appeal, that plaintiff could not recover because the amount sued for was a fee, claim or charge for brokerage by a person not a licensed real estate broker within the terms of Sections 1, 2 and 19 of Act 236 of 1920. Considering the relevant portions of the Act, we find them to provide, in part, as follows:

"Sec. 1.—That it shall be unlawful for any person * * * whether operating under a firm name or otherwise, from and after January 1, 1920, to engage in the business or capacity, either directly or indirectly, of a real estate broker, real estate salesman, a business chance broker or curb broker, within this State, without first obtaining a license under the provisions of this Act."

"Sec. 2.—That a real estate broker within the meaning of this Act is any person * * * who, for compensation * * * sells or offers for sale * * * or negotiates the purchase or sale * * * of real estate * * * as a whole or partial vocation.

"The provisions of this Act shall not apply to any person * * * who, as owner or lessor, shall, either as an individual or through an employee or representative not otherwise engaged in the real estate business, perform any of the acts aforesaid with reference to property owned by them * * *. Nor shall this Act be construed to include in any way services rendered by an attorney at law in the service of his client * * *. A business chance broker or curb broker within the meaning of this Act is any person, firm * * * OTHER than as herein excepted, who, for a compensation or valuable consideration, sells or offers for sale * * * or negotiates the purchase or sale * * * of a business, business opportunity or the good will of an existing business for others, as a whole or partial vocation."

"Sec. 19.—Be it further enaced, etc., that any person * * * who has not been licensed in accordance with the provisions of this Act, shall not be allowed to recover for any fee, claim or charge for brokerage in the courts of this State."

It is contended by defendant that, though plaintiff was a lawyer at the time of the institution of this suit, he was not such at the date of the alleged agreement or at the time of the sale; that, in fact, he was, at the time of the agreement and of the sale, a business chance broker, within the terms of the Act, and, therefore, under the provisions of Sec. 19, as above quoted, he cannot recover the commissions sued for.

After careful examination of the entire Act and particularly those portions of the Act above noted, we can find no merit in the contentions here urged. It is plain that the Act has no application whatever to the transaction sued upon, nor to such conditions or facts as those from which this suit has arisen. Plaintiff did not act as a "business chance broker or curb broker"; he did not sell or offer for sale the property in question—he simply procured and introduced the prospective purchaser to defendant, who negotiated and consummated the sale between the purchaser and the owner of the property. It cannot be said that plaintiff's actions in this matter constituted "a whole or partial vocation", within the meaning of such words, found in the Act. Plaintiff was a law student. He is not claiming brokerage or any part of brokerage, nor is he making any claim or commission as brokerage for the sale of the property, from either the owner or the real estate broker. His suit is only against defendant and solely for compensation for services rendered defendant in securing for him, by an independent agreement, a purchaser of property which defendant had listed and was authorized to sell for account of the owner.

The entire transaction was of the simplest nature, wherein services were rendered for a lawful consideration. Even had plaintiff been a hired employee or clerk in defendant's office, and had he been offered by defendant as compensation above his salary, a percentage of defendant's gross receipts from brokerage fees upon the condition that he would secure a designated number of prospects or purchasers within a year, surely it could not be urged in a suit for percentage over salary that plaintiff was a business chance broker or one acting directly or indirectly as an unlicensed real estate broker. In such a case, a suit for the amount agreed upon in excess of the salary, would cary just as valid a consideration and would be just as en-

forcible as a suit for recovery of his salary as clerk.

We find nothing in the contract sued upon to be in contravention of Act 236 of 1920. There is nothing in the Act which prohibits one not a licensed broker or salesman from soliciting or procuring either vendors or purchasers of real estate as clients or customers for a licensed broker, in consideration of a stipulated compensation; nor is there anything in the entire Act which justifies the broker in refusing to pay such compensation, on the ground that a contract for same, under such conditions, is illegal. The statute is at best a law restrictive in its nature and one in derogation of common right. It should, therefore, be strictly construed.

The trial court has awarded judgment in the amount prayed for. Plaintiff swears that defendant agreed to pay him five per cent. of the selling price. Defendant's tender of the check for eighty dollars conclusively shows that there was a definite agreement, the validity of which he plainly recognized, and the services for which he is estopped to deny. There is evidence in the record that some other person or firm claimed participation in defendant's total commissions, which commissions, he says, amounted to $350.00. Of this amount defendant claims to have paid the other party $87.50, and admits that had he not done so he would undoubtedly have paid or tendered to plaintiff a larger sum than eighty dollars. To quote defendant's attitude towards this transaction, he says: "I would have given him (plaintiff) about $150.00." It is not to be presumed that in his contract with plaintiff, there was no price or basis of compensation agreed upon, nor is it reasonable to suppose from his statement just quoted that he could have contracted for 2½% commissions, as he claims to have done. On the other hand, plaintiff is positive and certain in his testimony, even under cross-examination, that the definite amount agreed upon was five per cent. of the selling price. The testimony of plaintiff's stenographer is corroborative of this fact. While her evidence, in its nature, is wholly hearsay evidence, same was admitted without objection, and supports other and more convincing evidence given by both the purchaser and a friend of the purchaser, as well as by another broker, all witnesses summoned on behalf of the plaintiff. From the testimony of these witnesses it is plain that plaintiff never agreed upon any compensation less than five per cent. The subsequent conduct of the defendant, as well as his own admissions, which we have just noted, convince us that the trial judge was correct in the amount allowed by him.

It is, therefore, ordered that the judgment appealed from be and the same is hereby affirmed, at defendant's costs in both courts.