[Civ. No. 5920. Second Appellate District, Division Two.—August 20, 1930.]

WILLIAM L. HAHN, Respondent, v. W. R. HAUPTMAN, Appellant.

Earl S. Patterson and W. Fenimore Cooper for Appellant.

Jacob J. Lieberman and Spencer Austrian for Respondent.

WORKS, P. J.—Plaintiff was a licensed real estate broker. During the certain three days which are of particular inter-

est in the present action he had in his employ one Reinhardt, who was unlicensed either as a broker or as a salesman. Plaintiff entered into a certain contract with defendant by which the former was constituted for three days the exclusive agent of the latter for the sale of a certain parcel of real property. The contract also provided: "In case a sale is made within thirty days after the termination of this listing to parties with whom said agent [plaintiff] negotiated during its life," plaintiff was to be entitled to a certain compensation. Plaintiff did nothing personally in and about the matter of negotiations for the sale of the property during the three days, but Reinhardt did, during that period, exhibit the property to one Huffman and talked with him about it. A sale to Huffman was effected by plaintiff within the thirty days mentioned in the contract.

Plaintiff brought suit against Hauptman to recover the compensation provided for in the contract and recovered judgment. Defendant appeals.

Section 2 of the Real Estate Broker's Act, after defining the term "real estate broker," provides: "A real estate salesman . . . is one who . . . is employed by a licensed broker to sell, or offer for sale, . . . or to negotiate the purchase or sale . . . of real estate . . . as a whole or partial vocation" (Stats. 1925, p. 600; Consol. Supp. 1925–1927, to Codes and Gen. Laws, Act 112, p. 832), and the act provides for the licensing of both brokers and salesmen upon prescribed terms. Section 17 provides that any person acting as a real estate broker or salesman without a license shall be punished by fine in a certain amount or by imprisonment for a certain period, or by both fine and imprisonment.

The courts have many times and in probably all states decided that one may not recover as upon contract for services rendered in the commission of acts which are *malum prohibitum,* this upon the ground of an enlightened public policy. It would serve no useful purpose to cite authorities upon the subject here. We think the same principle applies in this case. Plaintiff's rights under the contract expired at the end of three days unless he "negotiated" in the meantime with someone with whom a deal was closed later. The acquisition of a valuable right, therefore, depended upon these negotiations. But Reinhardt was expressly forbidden by law to negotiate in such matters and

he committed a crime if he did so negotiate. We think that under the law, in short, what Reinhardt attempted did not amount to negotiations within the terms of the contract.

It appears plain that cases holding that a broker may maintain an action for his commissions if he has a license before he closes a deal, even if he had none while negotiations upon it were pending, can have no application here. Those cases would apply if respondent had held a straight agency contract for thirty days, but here it is the expiration of the three days which is of interest and not the expiration of the thirty days. These remarks are appended for the reason that Reinhardt procured a salesman's license before the latter period ended.

Judgment reversed.

Thompson (Ira F.), J., concurred.

Craig, J., dissented.

A petition for a rehearing of his cause was denied by the District Court of Appeal on September 19, 1930.

Craig, J., dissented.