[Civ. No. 387. Fourth Appellate District.—March 30, 1933.]

W. D. LEWIS et al., Appellants, v. RUSSELL G. SCAZIGHINI, etc., Respondent.

Everts, Ewing, Wild & Everts, Dan F. Conway, A. W. Carlson and L. N. Barber for Appellants.

J. F. Pryor and John G. Covert for Respondent.

MARKS, J.—Appellants brought this action for an accounting, and for twenty-five per cent of the money received for water sold from wells on respondent's ranch. The

action finds its source in the following contract between the parties: "Coalinga, Fresno County, California, January 21—1929. I hereby enter into a contract with Wm. D. Lewis and E. B. Shaw. Whereas I agree to pay Wm. D. Lewis and E. B. Shaw twenty-five per cent of all water sold from the well or wells on my ranch near Murray in Kings County on T 21–R 18–Sec. 34. The time of this contract to last as long as Wm. D. Lewis and E. B. Shaw succeed in the sale of water under contract to the various oil companies. The contract sale of water made by Lewis and Shaw to any one company not to be less than $300.00 per month. Lewis and Shaw agree to have a contract, for the sale of water made by not less than one company before the end of thirty days."

It is alleged in the amended complaint that, at the time of the execution of the agreement, respondent owned lands in Kings County upon which there were wells producing water particularly adapted for use in boilers; that within thirty days from the execution of the contract appellants entered into negotiations with various oil companies drilling oil-wells in the neighborhood, and as a result of their efforts and within such thirty days, the Petroleum Securities Company and respondent entered into an agreement whereby the corporation "was to receive and use water upon the oil properties of said Petroleum Securities Company, a corporation, to be stored thereon and kept in reservoirs for the purpose of operating its oil developments on its said oil properties so located a few miles from the land of this said defendant"; that large quantities of water were delivered to and used by the oil company and that respondent was receiving in excess of three hundred dollars each month, the exact amount being unknown to appellants.

Respondent interposed a general and special demurrer to the amended complaint, which was sustained without leave to amend. The special demurrer is on a ground without merit. ■ The general demurrer was sustained on the theory that the contract called for the sale by appellants of an interest in real property and that appellants were not alleged to be licensed real estate brokers. The correctness of the order sustaining the demurrer depends upon the question of whether the water sold to the Petroleum

Securities Company was real or personal property under the allegations of the amended complaint.

Respondent relies upon the line of cases of which *Fudickar* v. *East Riverside Irr. Dist.*, 109 Cal. 29 [41 Pac. 1024, 1026], is an illustration and wherein it is held that "So long as the water flows in its natural channel it is undoubtedly real property; and while flowing by right through a canal or pipe, which is real property and owned by the owner of the water, it is appurtenant to the canal or pipe, and, therefore, real property." It is also held that when this water is used for irrigation purposes it is real property, for irrigating water when spread on the land percolates through the soil. We have no such condition in the case before us. We are not considering irrigating water, but water sold for industrial use. For this reason these cases are of no assistance to us.

We have concluded that the water involved in this litigation no more partook of the characteristics of realty than does domestic water delivered by a municipality to its inhabitants for use within their homes or to an industrial plant for use within its factory. When the water was delivered to the oil company for use in its drilling operations it became severed from the real property on which it was produced and became personalty. *Dicta* in the cases of *Stanislaus Water Co.* v. *Bachman*, 152 Cal. 716, at pp. 725, 726 [93 Pac. 858, 15 L. R. A. (N. S.) 359], and *Copeland* v. *Fairview Land etc. Co.*, 165 Cal. 148, at p. 154 [131 Pac. 119], point out this distinction. See, also, *Hesperia Land & Water Co.* v. *Gardner*, 4 Cal. App. 357 [88 Pac. 286]. In 40 Cyc., p. 552, it is said: "In the character of personal property, water, separated from its source or from the body of which it constituted a part, may be bought and sold like other commodities, as when it is supplied through artificial conduits for domestic use."

The judgment is reversed, with directions to the trial court to overrule the demurrer and permit respondent to answer the amended complaint if he elects so to do.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1933.