[Civ. No. 9001. First Appellate District, Division Two.—May 24, 1933.]

R. E. ALLEN, Plaintiff and Respondent, v. GEORGE A. VANDERBECK, Appellant; LYDIA MILLS et al., Defendants and Respondents.

James P. Clark for Appellant.

William Ellis Lady, Wm. T. Blake and F. A. Stephenson for Respondents.

STURTEVANT, J.—This is an action in interpleader. From the judgment one of the claimants has appealed under section 953a of the Code of Civil Procedure. As commissioner to conduct a sale under a decree of mortgage foreclosure the plaintiff received moneys. By consent of all the

parties he disbursed a part of those moneys and held a portion to which several claims were interpleaded. The commissioner commenced the action and named all of the claimants as defendants. Under the findings some relief was awarded to each party. However, the defendant Vanderbeck, claiming that more relief should have been granted to him, has appealed from the judgment.

The action was commenced on January 6, 1930. At that time the plaintiff held over $18,000 which he asked permission to pay into court and be discharged. The record discloses no legal reason why the order applied for was not made at that time. Later, by consent of the parties, the undisputed claims of P. M. Reidy for $8,458.34 and of the sheriff of Los Angeles County for $7,558.93, were paid. That left in the plaintiff's hand $2,284.35. At the beginning of the trial by consent of the parties the plaintiff was authorized to pay himself $25 for costs and to pay the remainder, $2,259.35, to the clerk of the court to abide the judgment. At the same time the plaintiff asked to be discharged. No legal reason appears in the record why he was not discharged, but he was ordered to remain in court until the end of the case and at that time was discharged. While the matter was controverted, nevertheless there was a stipulation that the plaintiff should not be charged with interest. No fact appears in the record that would have warranted any charge against him for interest.

Mrs. Mills, the mortgagor, appeared and filed an answer. The defendant P. M. Reidy appeared and filed an answer and a cross-complaint. The defendant George A. Vanderbeck did the same. The cross-complaints were answered and on the issues so framed the action was tried. At the end of the trial the court made findings specifically disposing of every issue made by the pleadings. The defendant Vanderbeck attacks many of the findings and claims that they are not sustained by the evidence.

On March 2, 1929, a judgment of foreclosure was rendered in an action entitled *The Prudential Insurance Company of America* v. *Lydia Mills* for the sum of $6,996.85. The property described in the mortgage was lot 4 in block 6 of Lafayette Square. R. E. Allen was appointed commissioner to conduct the sale and the property was sold to Thomas Mortgage

Company for $7,091.87, which sum was paid to the commissioner. On April 10, 1929, in an action entitled *George A. Vanderbeck* v. *Lydia Mills,* the plaintiff was awarded a judgment for one Winton automobile, one membership in the California Country Club and also for $9,000. In the latter action an execution was levied on several lots including lot 4 in block 6, Lafayette Square. On the sale the lots were sold to George A. Vanderbeck for $7,000. After paying $93.65, the sheriff's fees, $6,906.35 was credited by Vanderbeck on his judgment. A supplemental execution was levied on personal property and at the sale $960 was collected. After the sheriff deducted his costs, $61, the balance, $899, was also credited by Vanderbeck on his judgment. That left the sum of $1164.65 due Vanderbeck. To protect his interest in the real estate Vanderbeck proceeded to arrange to redeem from the above-mentioned sale to the Thomas Mortgage Company. He applied to H. C. Millsap for information as to where he could borrow the money. The latter arranged a meeting between him and Reidy. The result of that meeting was that Reidy agreed to loan the money. The money was loaned on an agreement which, among other things, provided that Vanderbeck would, as security, assign to Reidy the certificate of redemption and that he would also assign to him an undivided one-half interest in the balance remaining unpaid on the judgment in *Vanderbeck* v. *Mills.* Said balance Vanderbeck represented to be $3,000. It was also provided in the event of a redemption Reidy should receive an undivided one-half interest in the unpaid portion of the judgment in the action *Vanderbeck* v. *Mills.* The said assignment was executed and recorded. For the services rendered by Millsap, Vanderbeck executed to him an agreement to pay ten per cent "of the net profits made or discount collected. . . . " At the same time Vanderbeck induced Reidy to agree to pay Millsap the additional sum of $232.90. On November 14, 1929, Reidy paid to Allen $8,202.84 to redeem lot 4, block 6, Lafayette Square and received a certificate of redemption. On December 2, 1929, he paid taxes on the lot in the sum of $175.86. On November 18, 1929, Allen notified Vanderbeck and Reidy that Mrs. Mills desired to redeem and asked for a statement of their demands. That statement was furnished and,

among other things, recited, ''$1200 together with interest at 7% from April 10, 1929. Said item represents: reasonable market value California Country Club membership and Winton automobile. . . . '' To make a redemption Mrs. Mills did not have the full amount necessary. She applied to Reidy and he loaned her $1200. Thereafter she made the redemption but, in doing so, she protested the charge of $1200 on the automobile, etc., and claimed that the reasonable value was not in excess of $255. On the trial evidence was introduced to that effect, and the trial court found, that the automobile, etc., were worth $325. After obtaining his judgment Vanderbeck collected rents in the sum of $92 and he paid out for Mrs. Mills' account $52.

Millsap assigned his claim, $232.90, to Reidy. The latter pleaded the assignment in his cross-complaint. The trial court allowed said amount to the latter. The appellant contests the item and quotes evidence to the effect that Millsap did not hold a license under the California Real Estate Act (1 Deering's Gen. Laws, 1931, p. 25). He did not need one. The act performed by him was not an act covered by the statute. Again, it is asserted that Millsap's claim did not come within the purview of his contract. As recited above, his contract was twofold. The contracting parties agreed to pay him ten per cent of the net profits. In the second place Vanderbeck induced Reidy to agree to pay Millsap $232.90 in addition to the first item. The latter sum was properly awarded in the judgment to Reidy.

In the original contract between Vanderbeck and Reidy it was recited that there was $3,000 still due the plaintiff on his judgment against Mrs. Mills. As a part of the contract Vanderbeck agreed to assign said judgment to secure Reidy. He also agreed to deliver to Reidy the certificate of redemption properly assigned in the case of *The Prudential Ins. Co. of America* v. *Mills*. Before delivering the latter instrument Vanderbeck noted that he had overestimated the balance due on his judgment and that the balance was $1164.95. If it had been as originally represented the interest of Reidy would have been $1500, that is, one-half of $3,000. Vanderbeck said he was willing that Reidy should receive $1164.95 and asked Reidy to consent in writing. Reidy executed a writing to Vanderbeck reciting that

the assignment to Reidy vested in him " . . . a right to collect $1164.95 and interest thereon and that said assignment carries no greater or other interest." Vanderbeck accepted that document and delivered the certificate of redemption in the case of *The Prudential Ins. Co. of America* v. *Mills.* The trial court found that there was due Reidy $1164.95. Under the facts set forth in the record the finding was fully supported. At this time Vanderbeck complains that this construction converts a conditional promise into an absolute promise. A more exact statement is that the original promise to pay $1500 was, by the act of the parties, converted into a promise to pay $1164.95. ▪ Again the appellant contends as follows: He asserts that when he and Reidy arranged to redeem that they entered upon a joint adventure. He then asserts that when thereafter Reidy loaned Mrs. Mills $1200 that thereby Reidy obtained secret profits. It will suffice to state that a reading of the record shows no support for the contention of the appellant. There was evidence that the loan to Mrs. Mills was made with the knowledge and consent of Vanderbeck. Furthermore, we see no conflict of interests between Reidy's contract with appellant and Reidy's contract with Mrs. Mills.

The appellant states the items and finds that there was due from Mrs. Mills at the time of the redemption $325 as the reasonable value of the automobile and personal property, and $52 for legal disbursements, making $377, and that she was entitled to a credit of $92 for rents collected, leaving a balance of $285. Deducting that sum from $1200 he says there was due her $915 and not $971. The trouble is he overlooked the material fact that his demand on Mrs. Mills compelled her to pay "$1200 together with interest at 7% from April 10, 1929", to December 12, 1929—in other words, $1256 principal and interest. Deducting therefrom $285 leaves $971, the amount found by the court to be due Mrs. Mills.

▪ The defendant Vanderbeck complains because interest was not allowed. All items of the fund except $2,259.35 were disbursed by consent of the parties. On the opening of the trial, by consent, the balance of the fund was paid into court. From that date no interest should be charged. (*Conner* v. *Bank of Bakersfield,* 183 Cal. 199, 203 [190 Pac.

801].)   No fact contained in the record would justify any other ruling.

We find no error in the record.   The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 21, 1933.