[Civ. No. 12671.   Second Dist., Div. One.   Dec. 9, 1941.]

HELEN R. GRAY, Appellant, v. WALTER W. HORNE et al., Respondents.

Ratzer, Bridge & Gebhardt for Appellant.

Hurt & Hurt and Arthur C. Hurt, Jr., for Respondents.

DRAPEAU, J. *pro tem.*—Appeal from a judgment against the plaintiff after demurrer to complaint was sustained without leave to amend.

The complaint alleges that the plaintiff's assignor rendered services to the defendants of the reasonable value of $3527 in re-financing and refunding of numerous claims against, and indebtedness of, the defendants; in securing reduction, compromise and satisfaction of claims, judgments and indebtedness of the defendants; and in procuring extensions of time for the payment, compromise and satisfaction of said claims, judgments and items of indebtedness. "That said claims, judgments and items of indebtedness were, or appeared to be, liens against certain real property and/or leases thereupon located in the City of Long Beach, County of Los Angeles, State of California, belonging to defendants."

The demurrer raised the sole question to be determined on this appeal, namely: Whether or not the services described in the complaint were embraced within those defined in the California Real Estate Act as services of a real estate broker. If they are broker's services, concededly, the complaint fails to allege that the assignor of the plaintiff had a realty broker's license, and, concededly, the complaint fails to state a cause of action. (California Real Estate Act, section 20; *Davis* v. *Chipman*, 210 Cal. 609 [293 Pac. 40].)

But, if the services so described are not within the provisions of the California Real Estate Act, the complaint does state a cause of action and the order sustaining the demurrer without leave to amend, and the judgment based thereon, were improperly made. In such a case, whether the plaintiff's assignor holds a broker's license or not is immaterial. (*Lewis* v. *Scazighini*, 130 Cal. App. 722 [20 Pac. (2d) 359]; *Allen* v. *Vanderbeck*, 132 Cal. App. 242 [22 Pac. (2d)

561] ; *McKenna* v. *Edwards,* 19 Cal. App. (2d) 327 [65 Pac. (2d) 810].)

Neither the plaintiff nor the defendants have cited to us any case directly bearing upon the point involved. Both parties cite and rely upon pertinent sections of the California Real Estate Act.

■ As was said in *Koeberle* v. *Hotchkiss,* 8 Cal. App. (2d) 634, 640 [48 Pac. (2d) 104] : "The primary purpose of the Real Estate Brokers' Act was to require real estate brokers and salesmen to be 'honest, truthful, and of good reputation'."

And not the least important among modern beneficial trends in government has been the policy of the State of California, licensing realty brokers, and prescribing standards of professional conduct for them. It is in the light of this policy that we have considered this appeal.

The California Real Estate Act (Deering's General Laws, Act 112), makes it "unlawful for any person . . . to engage in the business, act in the capacity of, advertise or assume to act as a real estate broker . . . without first obtaining a license from the State Real Estate Division." (California Real Estate Act, sec. 1.)

Then the act, in section 2, defines a real estate broker as "a person who . . . sells or offers for sale . . . or negotiates the purchase or sale or exchange of real estate, or who, for compensation, negotiates loans on real estate, leases, or offers to lease, or negotiates the sale, purchase, or exchange of leases . . . for another or others."

And section 20 of the act provides that no broker "shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in section two hereof without alleging . . . that such person . . . was a duly licensed real estate broker . . . at the time the alleged cause of action arose."

■ A careful review of the act as applied to the facts alleged in the complaint discloses that the complaint does state a cause of action, and that the demurrer was improperly sustained. It will be observed that the complaint alleges that the services rendered by the plaintiff's assignor had to do with claims, judgments and items of indebtedness which were or appeared to be liens against real property. The face of the complaint does not necessarily show that the allegations

thereof must be construed to mean that the plaintiff's assignor performed such services, and such services only, as can be rendered by a licensed real estate broker.

A lien is defined by our Civil Code (section 2872) as a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act.

"In its broadest sense and common acceptation, it is understood and used to denote a legal claim or charge on property, either real or personal, as security for the payment for some debt or obligation. . . . It includes every case in which personal or real property is charged with the payment of a debt." (37 C. J. 306.)

There are many kinds of liens, among them being mechanics' liens, mortgage liens, liens arising in the course of judicial proceedings, maritime and tax and assessment liens. It almost goes without saying that it would be entirely improper to hold that one having anything to do with every type and character of lien must first have a real estate broker's license, and this is what we must do in order to affirm the judgment of the lower court.

The judgment is reversed with directions to the trial court to overrule the demurrer and permit the defendants to answer to the complaint if they shall elect so to do.

York, P. J., and Doran, J., concurred.