# ANDERSON v. JOHNSON.

No. 6786.   Decided July 12, 1945.   (160 P. 2d 725.)

See 12 C. J. S., Brokers, sec. 8; 8 Am. Jur., 994.

*Leon Fonnesbeck,* of Logan, for appellant.

*George C. Heinrich,* of Logan, for respondent.

TURNER, Justice.

This is an appeal from an order of the District Court of Cache County, Utah, sustaining defendant's demurrer to plaintiff's amended complaint and from the court's judgment of dismissal made and entered October 25, 1944. The facts set forth in the amended complaint, which, for the purpose of this appeal, must be deemed to be true in substance are as follows:

That the defendant is a duly licensed real estate agent and broker of this state who maintains his office at Logan, Utah; that on or about the 1st day of March, 1943, plaintiff and defendant entered into a mutual oral agreement by the terms of which plaintiff agreed to assist defendant in obtaining listings of suitable real estate for sale by defendant in northern Utah and particularly in Box Elder County, where plaintiff resides; that in consideration of plaintiff's services, defendant promised and agreed to give plaintiff one-third of the commission received by defendant for the sale of any real estate caused to be listed by plaintiff; that defendant's commission for the sale of real estate was five per cent of the sale price and that defendant should pay plaintiff his one-third of the commission at the time defendant collected his commission.

That as a result of such understanding, plaintiff, on or about the 1st day of April, 1944, in company with the defendant, contacted one Ed Nelson and his wife for the purpose of obtaining for defendant the listing for sale of Nelson's dry farm in Blue Creek, Box Elder County, Utah; that defendant, through plaintiff's services and assistance, obtained a listing of the dry farm, giving defendant the exclusive right to sell the farm for $30,000; that in the latter part of April, 1944, defendant sold the dry farm to one Zollinger for $30,000 cash; that defendant's commission for making the sale was $1500, and plaintiff's share, $500, then and there became due and owing from defendant in pursuance of their agreement; that plaintiff has made demand for the sum due but defendant has failed and refused

and now refuses to pay the same. Prayer is then made for judgment for $500 together with legal interest and costs. The amended complaint is duly verified.

The defendant filed a general demurrer to plaintiff's amended complaint and the court sustained the demurrer, allowing plaintiff five days to further plead. Plaintiff, however, elected to stand upon the amended complaint and the court on October 25, 1944, entered its judgment of dismissal.

In support of his demurrer, the defendant contends that the alleged contract comes within the statutory provisions regulating real estate brokers, Chap. 2, Title 82, U. C. A. 1943, and that under the alleged contract plaintiff was in fact acting and should be deemed and classified as a real estate broker or a real estate salesman as defined by Sec. 82-2-2, 3 and 4, and that inasmuch as plaintiff had no license as such real estate broker or salesman, as required by law, he could not recover or maintain this action.

The defendant also contends that the agreement herein sued on affected an interest in land and as the agreement was oral it is therefore void and unenforceable under the provisions of our statute of frauds, Chap. 5, Title 33, U. C. A. 1943.

The statutes cited by counsel and calling for our attention are as follows:

"Sec. 82-2-1. License Required. It shall be unlawful for any person, copartnership or corporation to engage in the business, act in the capacity of, advertise or assume to act as a real estate broker or a real estate salesman within this state without first obtaining a license under the provisions of this chapter."

"Sec. 82-2-2. 'Real Estate Broker'—'Real Estate' Defined. The term 'real estate broker' within the meaning of this chapter shall include all persons, partnerships, associations and corporations, foreign and domestic, who for another and for a fee, commission or other valuable consideration, or who with the intention or in the expectation or upon the promise of receiving or collecting a fee, commission or other valuable consideration, sells, exchanges, purchases, rents or leases or negotiates the sale, exchange, purchase, rental or

leasing of or offers or attempts, or agrees to negotiate the sale, exchange, purchase, rental or leasing of, or lists or offers or attempts or agrees to list, or auctions, or offers or attempts or agrees to collect rental for the use of real estate or who advertises, who buys or offers to buy, sells, or offers to sell or otherwise deals in options on real estate or the improvements thereon or who collects or offers or attempts or agrees to collect rental for the use of real estate or who advertises or holds himself, itself or themselves out as engaged in the business of selling, exchanging, purchasing, renting or leasing real estate or *assists or directs in the procuring of prospects* or the negotiation or closing of any transaction which does or is calculated to result in the sale, exchange, leasing or renting of any real estate. The term 'real estate broker' shall also include any person, partnership, association or corporation employed by or on behalf of the owner or owners of lots or other parcels of real estate at a stated salary or upon a commission or upon a salary and commission basis or otherwise to sell such real estate or any parts thereof in lots or other parcels and who shall sell or exchange or offer or attempt or agree to negotiate the sale or exchange of any such lot or parcel of real estate.

"The provisions of this chapter shall not apply to any person, partnership, association or corporation who as owner or lessor shall perform any of the acts aforementioned with reference to property owned or leased by such person, partnership, association or corporation nor to isolated transactions by persons holding a duly executed power of attorney from the owner nor shall this chapter be construed to include in any way the services rendered by an attorney at law in performing his duties as such attorney at law nor shall it apply to a receiver, trustee in bankruptcy, administrator, or executor, or any person acting under order of any court nor to a trustee under a deed of trust of a will nor to their employees.

"It is expressly provided that a real estate broker shall have the right to fill out and complete such statutory or securities commission approved forms of legal documents that may be necessary to any real estate transaction to which the said broker is a party as principal or agent.

"The term 'real estate' as used in this chapter shall include leaseholds and other interests less than leaseholds."

"Sec. 82-2-3. 'Real Estate Salesman' Defined. The term 'real estate salesman' shall mean and include any person employed or engaged by or on behalf of a licensed real estate broker to do or to deal in any act or transaction set out or comprehended by the definition of a real estate broker in section 82-2-2 for compensation or otherwise."

Counsel for appellant contends that defendant cannot defeat appellant's claim by application of the statutes for two reasons: First, that under the provisions of the statutes, the employment of appellant, or the work done or service rendered by him, did not bring appellant within the classifications requiring a license either as a real estate broker or a real estate salesman, and, second, that even if under the code a license was required of appellant, he would not be barred from bringing this action and from recovery if the evidence supported the allegations of the complaint.

We shall scrutinize the statutes involved and the decisions of other courts dealing with this subject so as to determine whether the appellant comes within the provisions of our real estate brokers' law.

It is apparent that the statutes were enacted, not to provide revenue, but to provide for registration and regulation of those engaged in the real estate business. This license fee is so nominal that no other conclusion is tenable. In *Koeberle* v. *Hotchkiss*, 8 Cal. App. 2d 634, 48 P. 2d 104, 107, Justice Crail stated:

"The primary purpose of the Real Estate Brokers' Act was to require real estate brokers and salesmen to be 'honest, truthful and of good reputation.'"

By its inherent nature, real estate business requires confidence in and honesty of those delegated with authority to list, rent, supervise or sell real estate belonging to others. Public criticism of real estate rackets and unscrupulous and unworthy brokers and agents has caused the respectable and reliable real estate brokers and salesmen, throughout the land, to promote and demand legislative supervision and regulation of those engaged in this business. A casual examination of the codes of the states discloses that many have enacted Real Estate Brokers' laws which are similar to those of Utah. While the statutes of the different states vary in some details, yet in general provisions and purposes they are very much alike. Practically all the laws have been enacted, not for revenue, but for supervision and regulation.

They require a license of real estate brokers and real estate salesmen and like the Utah law they give a definition of broker and real estate salesman. Some statutes are more liberal than others. For example, the Colorado law defines the terms "broker" and "salesman" much the same, but provides that a single act or transaction by an individual or concern shall not constitute a real estate broker or real estate salesman. See *Schwartz* v. *Weiner*, 1934, 94 Colo. 251, 30 P. 2d 1110, Syl. 2:

"One not licensed as real estate broker and not in fact in such business may lawfully engage in single isolated transaction.  *  *  *"

The California statutes are quite similar to those of our state but they specifically provide that one claiming a fee or commission based upon a real estate sale cannot recover for the same in a civil action unless he was duly and regularly licensed at the time of contract and sale. *Davis* v. *Chipman*, 1930, 210 Cal. 609, 293 P. 40.

However, it is interesting to note that the appellate courts of California have emphatically announced that a broker cannot recover for services which are malum prohibitum. *Hahn* v. *Hauptman*, 1930, 107 Cal. App. 739, 291 P. 418, but these courts have been strict in their interpretation of what acts come within the statutes and what one may do and not be held under their code. In *Shaffer et al.* v. *Beinhorn*, 190 Cal. 569, 213 P. 960, 962, the court held:

"In order to come within the definition of real estate broker or real estate salesman, a party must 'sell or offer to sell, buy or offer to buy, or negotiate the purchase or sale or exchange of real estate.  *  *  *' "

We shall now turn our attention to the provisions of the Utah Code. Section 82-2-1, U. C. A. 1943, is as follows:

"It shall be unlawful for any person, copartnership or corporation to engage in the business, act in the capacity of, advertise or assume to act as a real estate broker or a real estate salesman within this state without first obtaining a license under the provisions of this chapter."

This section is clear and definite. It provides that a real estate broker or real estate salesman must obtain a license before engaging, advertising or assuming to be such within the state of Utah.

The following section of our Code defines "real estate broker" and "real estate." This section is quite lengthy and is, in its entirety, quite difficult to understand. It becomes clearer with certain clauses and provisions, not applicable to our problem, deleted.

For our examination of this section, we shall use the parts of the statute as brought to our attention by the respondent in his brief, where he sets out Section 82-2-2 as follows:

"The term 'real estate broker' within the meaning of this chapter shall include all persons * * * who for another and for a fee, commission or other valuable consideration, or who with the intention or in the expectation or upon the promise of receiving or collecting a fee, commission or other valuable consideration, sells, * * * or lists or offers or attempts or agrees to list, * * * or assists or directs in the procuring of prospects or the negotiation or closing of any transaction which does or is calculated to result in the sale, exchange, leasing or renting of any real estate. * * *"

This is the section which presents our problem, so we shall continue our study of it after setting forth the next two sections, which are:

"Section 82-2-3. 'Real Estate Salesman' Defined.

"The term 'real estate salesman' shall mean and include any person employed or engaged by or on behalf of a licensed real estate broker to do or to deal in any act or transaction set out or comprehended by the definition of a real estate broker in section 82-2-2 for compensation or otherwise."

"Section 82-2-4. (Real Estate Broker or Salesman)—One Act for Compensation Sufficient to Constitute.

"One act, for compensation or valuable consideration, of buying, selling, leasing or exchanging real estate for another, or of offering for another to buy, sell, lease or exchange real estate, except as herein specifically excepted, shall constitute the person, firm, association or corporation performing, offering or attempting to perform any of

the acts enumerated herein a real estate broker or a real estate salesman within the meaning of this chapter."

Section 82-2-3 defines real estate broker and real estate salesman by refering to the preceding section, which we intend to give further scrutiny.

Section 82-2-4 is important and interesting for it provides that one act for compensation or valuable consideration as set forth in the said section shall constitute the person or firm a real estate broker or real estate salesman.

We must remember the plaintiff is suing for a fee or commission for assisting the defendant to obtain a listing of Nelson's dry farm.

The plaintiff did not offer to list or agree to advertise a listing of Mr. Nelson's property. He accompanied the respondent on a visit to Mr. Nelson's and helped the respondent obtain a listing of Mr. Nelson's property.

Section 82-2-4 does not cover any such act. The words and terms of this section exclude the acts of the plaintiff. However, as the definition set forth in Section 82-2-2 is far more inclusive and far more complicated, we shall now examine it. We have purposely broken the provision of the section into two parts to make our study easier. Here again it is apparent that the acts of the plaintiff are not treated as to constitute him a real estate salesman unless we could conclude that the plaintiff was listing or attempting to list the Nelson land—which he was not doing. As stated above, the plaintiff by oral agreement was assisting the respondent to obtain a listing of the land. The second part of the statute calls for more careful consideration. Do the words and terms "or assist or directs in the procuring of prospects" apply to appellant? Does the following include the acts of the appellant:

"or assists or directs * * * the negotiation or closing of *any transaction* which does or is calculated to result in the sale, exchange, leasing or renting of any real estate"?

While these terms are very broad and inclusive, we think they do not. The primary purpose of real estate business is to sell real estate or its use and from such transactions receive a fee or commission. While it is necessary to secure listings, the term "real estate prospect" refers to one interested in the purchase of realty or in obtaining a lease of its use and does not refer to one from whom you might secure a listing.

Had the legislature intended to prohibit one from assisting a real estate broker to secure listings, it could have done so without difficulty. If we should stretch the meaning of the statute where it uses the words

"or assists * * * the negotiation * * * of any transaction * * * calculated to result in the sale, exchange, leasing or renting of any real estate"

to include the plaintiff as a real estate salesman, it would be just as feasible to include the abstractor who prepared an abstract of the property or the stenographer who typed the contract of sale or the deed or lease used in the transaction.

We believe this conclusion is supported by the great weight of authority. The Supreme Court of Colorado in *Black Forest Realty & Investment Co. v. Clarke*, 1929, 86 Colo. 454, 282 P. 878, held that one employed as a general sales manager and receiving a salary and commission on land sales was not a "broker" within statute requiring license and could maintain action for compensation. In *Davis v. Chipman*, supra, it was held that an agent furnishing names of persons with whom he has dealt for sale of property is not a "broker" within license statute. In *Gray v. Horne et al.*, 48 Cal. App. 2d 372, 119 P. 2d 779, the District Court of Appeals held that complaint alleging plaintiff's assignor rendered services to defendants in refinancing and refunding numerous claims against defendants by securing reductions, compromise and satisfaction thereof and procuring extensions of time for payment of the claims which were liens against certain realty or leases thereon, stated a cause of action, without alleging plaintiff's assignor

had a real estate broker's license, and the same court held in *Allen* v. *Vanderbeck et al.*, 1933, 132 Cal. App. 242, 22 P. 2d 561, that informing borrower where he could borrow money to redeem from mortgage foreclosure sale and arranging meeting between borrower and lender, resulting in agreement to make loan, were not acts covered by California Real Estate Act which requires license.

The contention of respondent that plaintiff cannot recover because his agreement was oral is untenable. The contract was one of employment and not involving any right or interest in land. See *Johnson* v. *Allen*, 108 Utah 148, 1945, 158 P. 2d 134. The proposition that a contract for fee or commission may be recovered by agent from broker though not in writing is upheld in *Arbuckle* v. *Clifford F. Reid, Inc.*, 1931, 118 Cal. App. 272, 4 P. 2d 978; *Foley* v. *Hassey*, 1939, 55 Wyo. 24, 95 P. 2d 85; *Reasoner et al.* v. *Yates et al.*, 1912, 90 Neb. 757, 134 N. W. 651; *Bosetta* v. *Jacobs*, 1 La. App. 277.

The appellant's complaint states a cause of action. This judgment is reversed and remanded to the district court for further proceedings consistent with this decision. Appellant shall recover costs.

LARSON, C. J., and McDONOUGH and WOLFE, JJ., concur.

WADE, Justice (concurring in the result).

I concur in the result. I cannot agree that the phrase "assist or directs the procuring of prospects" in Sec. 82-2-2, U. C. A. 1943, defining "Real Estate Broker" is limited to

"one interested in the purchase of realty or in obtaining a lease of its use and does not refer to one from whom you might secure a listing"

as stated in the prevailing opinion. I think the word "prospect" includes the prospective seller of property as well as the prospective buyer.

Whereas a literal reading of Sec. 82-2-2 would include anyone not specifically exempted therein, who, for compensation, was in any manner connected with a transaction involving real estate, as for instance a stenographer in a real estate broker's office who contacted people desiring a listing, I am of the opinion that such is not the intent or meaning of this section. A reading of the statutes regulating real estate brokers makes it apparent they were enacted for the benefit of the public to protect them from dishonest and unscrupulous real estate agents. Such protection of the public is not needed from the casual or remote influence of a stenographer or a person who introduces a real estate broker to one who may wish to deal with him. Neither the stenographer nor the man who introduces the broker in the examples I have mentioned are active participants in any contract affecting real estate or any liability of the persons entering into such contracts or listings. The dealings which the statutes aim to protect the public in are those which result in legal liabilities between the parties. Nothing the stenographer or the man who introduces the real estate broker does, has that effect. This is true even though the real estate broker contracts to pay the man who introduces him a part of his commission in the event he makes a sale.