[Civ. No. 21748.   Second Dist., Div. One.   Feb. 5, 1957.]

ROSE M. PAWLAK et al., Plaintiffs and Appellants, v. JOHN COX et al., Defendants; DAN LAHEY, Defendant and Appellant.

McCutchen, Black, Harnagle & Greene and G. Richard Doty for Plaintiffs and Appellants.

Block, Toler, Bulloch & Biggerstaff and Lloyd A. Bulloch for Defendant and Appellant.

DORAN, J.—As recited in defendant-appellant Lahey's brief, "Respondents, husband and wife, unlicensed persons under California Business and Professions Code sections 10130, 10131, 10132 regulating real estate brokers and salesmen, brought action against appellant, a licensed real estate broker, to recover a percentage of commissions earned by appellant in two separate real estate transactions. In each of the two transactions respondents' contentions were that they became entitled to said compensation by reason of their agreement with appellant to introduce to him prospective purchasers of real property, improved with motels. It was stipulated to that actual sales had occurred and that appellant had earned his commissions.

"The first and second causes of action are based upon the sale of motel property to Mr. and Mrs. Jacob Grieshaber, which transaction shall, for convenience, be referred to herein, as the Grieshaber transaction. The third and fourth causes of action are based upon the sale of motel property to Mr. and Mrs. Frank Wolf, which transaction shall be referred to herein as the Wolf transaction.

"Appellant answered the complaint and denied the making of the agreement which is the basis of respondents' complaint."

The trial court granted a nonsuit as to the first and second causes of action, involving the Grieshaber transaction just mentioned, and entered a judgment for plaintiffs against the defendant Dan Lahey in the sum of $2,000 plus interest as to the third and fourth causes of action involving a so-called Frank Wolf transaction. The defendant Lahey has appealed therefrom.

Plaintiffs Pawlak have filed a cross-appeal from that portion of the judgment granting a nonsuit as to the Grieshaber

transaction relied upon in the first and second causes of action, and providing that each party shall bear its own costs.

In respect to the third and fourth causes of action relating to the Wolf transaction, the trial court found:

## I.

"On or about July 28, 1954 defendants offered to pay plaintiffs a sum equal to 40% of any commission received by defendants in connection with the sale of a motel to a certain Mr. Wolf if plaintiffs would introduce defendants or one of them to said Wolf and if said Wolf in fact purchased a motel.

## II.

"On or about July 29, 1954 the foregoing offer was repeated by defendants.

## III.

On or about August 2, 1954 plaintiffs, with the intention of accepting the aforesaid offer of defendants, introduced said Mr. Wolf to defendants.

## IV.

"On or about August 10, 1954 said Mr. Wolf in fact purchased a motel through defendants.

## V.

"On or about August 17, 1954 defendants received as commission on the sale of the motel to Mr. Wolf the sum of $5,000.00.

## VI.

"Defendants refused to pay the plaintiffs a sum equal to 40% of $5,000.00 or any sum at all.

## VII.

"Defendants John Cox and Richard Cox are, and at all times herein were, the agents of Dan Lahey and had the authority to make the offers herein mentioned and at all times acted solely in their capacity as agents of said Dan Lahey."

In plaintiff-respondent Pawlaks' brief it is said that, "Appellant (Lahey) does not assert that the evidence was insufficient to support the findings of the trial court. Therefore, the facts as found by the trial court and as set forth above must be accepted in reviewing the correctness of the judgment rendered in regard to this transaction."

It is argued on the Lahey appeal that, "the trial court committed reversible error in failing to include in its findings, respecting the third and fourth causes of action, a finding

of the illegality of the transaction which the evidence clearly revealed.''

■ Plaintiffs-respondents Pawlak point out that, ''It was not necessary that the plaintiffs be licensed as real estate brokers or salesmen in order to recover pursuant to the contract relating to the Wolf transaction. It is clear that plaintiffs performed no function at any state of the proceeding other than that of introducing Mr. Wolf to the defendants and performing such acts as were necessary to keep the contact between the parties and to make effective the introduction of the parties. Plaintiffs in no way participated in any of the negotiations between Mr. and Mrs. Wolf and the sellers of any motel and did not otherwise, in any way, perform any function for which a license as a real estate broker or salesman is required. The contract involved in the Wolf transaction is substantially on all fours with that in *Shaffer* v. *Beinhorn* (1923), 190 Cal. 569 [213 P. 960]. There, defendant real estate broker agreed to pay to plaintiffs two-thirds of his commission on the sale of a certain ranch if plaintiffs would find anyone interested in purchasing the same or would introduce defendant to said person and if defendant was able to negotiate a sale of said ranch to such person. Relying on said agreement, plaintiffs produced a prospective purchaser, defendant negotiated the sale of said ranch to said prospective purchaser, and defendant received his commission therefor. The court held that the agreement to pay the agreed portion of commission for plaintiffs' services was not illegal in that no license was required for the performance of said acts or to secure the promised compensation therefore.

''*Crofoot* v. *Spivak*, 113 Cal.App.2d 146 [248 P.2d 45] (3rd Dist., 1952), also supports the position of plaintiffs in this case and makes it clear that the Shaffer case is applicable to Chapter 3 of Part I of Division 4 of the Business and Professions Code in its present form.

''See also : *Allen* v. *Vanderbeck*, 132 Cal.App. 242, 245-246 [22 P.2d 561] (1st Dist., 1933) ; *McKenna* v. *Edwards*, 19 Cal.App.2d 327 [65 P.2d 810] (1st Dist., 1937) ; *Freeman* v. *Jergins*, 125 Cal.App.2d 536 [271 P.2d 210] (2d Dist., 1954) ; and *Palmer* v. *Wahler*, 133 Cal.App.2d 705 [285 P.2d 8] (3rd Dist., 1955).

''It is thus apparent that the findings of fact made by the trial court are amply supported by the evidence; that the conclusions of law drawn therefrom are correct; that the court's action in awarding judgment in favor of plaintiffs

and against defendant Dan Lahey in the sum of $2,000.00 plus interest from August 17, 1954, was entirely correct; and that the judgment must be affirmed in that respect.''

The record supports plaintiffs-respondents' argument as above noted.

■ The contentions made on the plaintiffs' cross-appeal complaining of the trial court's action in granting a nonsuit as to the first and second causes of action, relating to the Grieshaber transaction, and denying plaintiffs any compensation for introducing the Grieshabers to defendant brokers, and providing that each party should bear its own costs, cannot be upheld.

As set forth in the answering brief of defendant-cross-respondent, ''The two transactions took place as part of the same dealings and must be considered together in determining the actual agreements and purposes of the parties. . . . The distinguishing feature of the Grieshaber transaction is that Cross-Appellants not only had the purchasers in mind (Mr. and Mrs. Grieshaber) and assisted in the dealings, but also had the motel in mind that in the opinion of Cross-Appellants (which opinion proved correct) was exactly tailored to meet the desires of the Grieshabers. . . . However, unfortunately Cross-Appellants had no proper license to take advantage of these circumstances and earn a commission. . . . Thereafter Cross-Appellants (Pawlak) contacted Cross-Respondent (Lahey) gave him full particulars regarding the location and terms respecting the Olympic (motel), but at this time withheld the names of the Grieshabers. Thus through the agency of Cross-Appellants, Cross-Respondent procured a listing of the Olympic and thereafter met the Grieshabers.''

''Thereafter, before the transaction was completed Cross-Appellants advised the Grieshabers that the Olympic was a 'good deal' . . . and gave the Grieshabers advice as to how to further proceed in the negotiations if their first offer was rejected. . . . the trial court correctly concluded that Cross-Appellants were dealing unlawfully. They (Pawlaks) were not here merely assisting in the sale, but they actually did everything necessary to complete the sale.''

Under the record as herein presented, no reversible error has been made manifest either in respect to the nonsuit, or in reference to the provision as to costs, the latter being a matter resting within the discretion of the trial court.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.