345 P.2d 432

**J. SEAL, Plaintiff and Appellant,**

v.

**Alma E. POWELL and Margaret Powell, his wife, Defendants and Respondents,**

**State Securities Commission, amicus curiae.**

**No. 9044.**

Supreme Court of Utah.

Nov. 2, 1959.

---

2. Secs. 78–12–9, 78–12–12, Utah Code Annotated.

H. Lowell Ralph, Robert B. Hansen, Salt Lake City, for appellant.

Russell C. Harris, Salt Lake City, for respondents.

Walter L. Budge, Atty. Gen., Gary L. Theurer, Asst. Atty. Gen., amicus curiae.

HENRIOD, Justice.

Appeal from a judgment on the pleadings dismissing plaintiff's complaint. Reversed with instructions to vacate the judgment and proceed further. Costs to plaintiff.

Union Interchange, Inc., publishes a nationally distributed magazine devoted entirely to advertising real estate opportunities. Through an assignee, it sued defendants for the price of an ad ordered by them which was published for a stipulated fee. The ad was solicited by Union's agent, and

a contract signed for such publication which had to do with a motel. The ad was run in two issues. Union did not propose or agree to find a buyer. The purchase price for the ad was payable irrespective of whether the property was or was not sold, and there was no provision for payment of any commission of any kind based on the sale, if one eventuated.

Defendants urge that 1) Union's agent was not licensed [1] and hence could not sue in our courts,[2] being prohibited by the real estate broker statutes, and 2) that he had misrepresented the facts. Pertinent statutory language urged by defendants as a bar to the suit, is as follows:

> "The term 'real estate broker' within the meaning of this chapter shall include all persons * * * who for another and for a fee * * * advertises * * * or assists or directs in the procuring of prospects * * *."[3]

When read as a whole the statutory interdiction appears to be directed against holding oneself out as a real estate broker, —not against the advertising business as such. Any other interpretation would pre-clude the publication of any home or other real property interest, such as rentals, etc., in the classified ads of any local daily. In our opinion it would wander from the real purpose of the real estate broker's legislation that quite clearly looks to the protection of the public from dishonest or unscrupulous persons whose business is dealing in transactions whose objects are the consummation of real estate deals.

Our previous pronouncements in Anderson v. Johnson [4] appear to be controlling here and we so hold. There a real estate broker agreed to pay a friend a part of any commission earned by the former as a result of the sale of any property belonging to one who was brought to the broker by such friend. If such procurement is not covered by the legislation, certainly the advertising arrangement here is not, absent any other facts.

The allegations of misrepresentation may be a separate but nonstatutory defense, if sustained.

CROCKETT, C. J., and WADE, McDONOUGH and CALLISTER, JJ., concur.

1. Sec. 61–2–1, Utah Code Annotated, 1953.
2. Sec. 61–2–18, Utah Code Annotated, 1953.
3. Sec. 61–2–2, Utah Code Annotated, 1953.

4. 1945, 108 Utah 417, 160 P.2d 725, 167 A.L.R. 768.