## KOEHLER v. MYERS.

Circuit Court of Appeals, Third Circuit.
September 16, 1927.

No. 3593.

1. Joint adventures ⬅1—Real estate salesman held not "employee" of insolvent broker, within limitation of statute as respects commissions, but entitled to his share of commission on theory of joint enterprise (Corporation Act N. J. § 83 [2 Comp. St. 1910, p. 1650]).

Where agreement between insolvent real estate broker and salesman required salesman to devote his time to sale of realty listed with insolvent, for which he was to receive one-half of commissions on sales produced by him, with right to appear at settlements and receive his share of commissions, and to have a desk, telephone, and stenographic service in insolvent's office, held that contract did not create relation of employer and employee within Corporation Act N. J. § 83 (2 Comp. St. 1910, p. 1650),

limiting employee's right to priority for compensation due to commissions earned within two months prior to institution of suit for a receiver, but that of a joint enterprise, and insolvent's receiver was trustee for salesman to extent of one-half of commission in his hands, less expense of collecting it by action.

**2. Brokers ⬅═2—Statute defining real estate salesman held not to create new definition of employer and "employee" (Real Estate Commission Act N. J. § 2).**

Real Estate Commission Act N. J. (P. L. 1921, p. 371) § 2, defining a real estate salesman as any person, who for compensation, is employed by a licensed real estate broker to sell, buy, or negotiate purchase, sale, or exchange of real estate, *held* not to make salesman an "employee" nor create a new definition of employer and employee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employee.]

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, District Judge.

Suit by Abraham L. Asher against J. R. Tucker, Inc., for appointment of receiver. From a decree granting petition of Edgar Myers, creditor of insolvent defendant, to be allowed priority over the common creditors of defendant, Herbert J. Koehler, receiver of defendant, appeals. Modified and affirmed.

Louis B. Le Due, of Camden, N. J., for appellant.

Carl Kisselman, of Camden, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court allowing priority in equity to the claim of Edgar Myers.

[1] Some time prior to September 23, 1925, Myers entered into an oral agreeemnt with J. R. Tucker, Inc., hereinafter called Tucker, a duly licensed real estate broker of New Jersey, with offices in Camden. Myers was to devote his time to the sale of real estate which was listed for sale in the office of Tucker. He was to receive one-half of the commissions on all sales he made, and could appear at settlements and receive his share of the commissions. He also had the right to draw in advance on Tucker, to the extent of commissions due him on properties which he had sold where settlement had not yet been made or the commissions earned had not been paid in full. Myers was further to have a desk and telephone and stenographic

services in the office of Tucker and generally enjoy the facilities of the office in connection with his work as salesman. No time was specified as to how long he was to work under this agreement. He was a regularly licensed real estate salesman during all the time which this agreement was in operation.

J. Lynn Mahaffey and R. Elmer Scholl owned the property known as Bellevue Hospital, located at 500 and 502 Linden street, Camden, N. J., which was listed in the office of Tucker. On or about September 23, 1925, Myers sold this property to Morris A. Sorshik. The purchase price was $175,000, on which they were to pay a commission of 3 per cent. for selling. Before the commission of $5,250 was paid, Tucker became insolvent, and Herbert J. Koehler was appointed receiver. Mahaffey and Scholl refused to pay the commission, and the receiver sued them in the Camden county common pleas court and secured a judgment against them for the amount of the commission claimed. Myers contends that he is entitled to one-half of the commission as his own individual property, and the receiver contends that the entire amount of $5,250 belongs to Tucker, and that Myers is merely a general creditor, and must share pro rata with the other general creditors. On petition of Myers, the District Court granted a rule on the receiver to show cause why he should not turn over to him one-half of the commission, $2,125. On a stipulation of facts, the District Court made the rule absolute and ordered the receiver to pay one-half of the commission to Myers within five days from the date of receiving it. The receiver took an appeal from this order to this court.

Whether or not Myers is entitled to one-half of the commission depends upon the relation existing between him and Tucker. The receiver says that it was that of employer and employee, and that Myers' claim for compensation as an employee is limited as to priority, by section 83 of the New Jersey Corporation Act (2 Comp. St. 1910, p. 1650), to commissions earned within two months prior to the institution of suit for a receiver. Myers says that the relation was that of a joint enterprise between him and Tucker; that the receiver has money belonging to him and is his trustee to the extent of his share of the commission.

The learned District Judge said: "Obviously, the relation between the parties is not one of employer and employee. The corporation assumed no obligations to Myers other than to furnish him office room. Myers assumed no obligation as to the corporation

other than to share with them such commissions as might be earned as a result of his efforts. * * * As to Myers' moiety, the receiver must be deemed in equity as a trustee for Myers." The stipulation states that "it was further the admitted right of petitioner (Myers) to appear at settlement and demand and receive at that time his said portion of the commission paid." He thus held that Myers was not an employee within the meaning of that term in the Corporation Act of New Jersey, and so section 83 of that act, providing that "all persons doing labor or service of whatever character, in the regular employ of such corporation, shall have a first and prior lien upon the assets thereof for the amount of wages due to them respectively for all labor, work and services done, performed and rendered within two months next preceding the date when proceedings in insolvency shall be actually instituted and begun against such insolvent corporation," does not apply, and his priority is not thus limited. If it were, Myers would not have a prior claim, because the work of selling the property and earning the commission was done more than two months before the date when proceedings in insolvency were begun. He and Tucker were in a joint enterprise. Tucker was to secure the listing of the properties, furnish "desk and telephone and stenographic service" and the general office facilities required by a salesman, while Myers, on his part, was to negotiate sales for the properties listed in the office of Tucker. [2] Section 2 of the Real Estate Commission Act of New Jersey of 1921 (P. L. 1921, p. 370), defines a real estate salesman as any person who, for compensation, valuable consideration, or commission, or other thing of value, is employed by a licensed real estate broker to sell or offer to sell, to buy or offer to buy, or to negotiate the purchase, sale, or exchange of real estate, or to lease or rent, or offer to lease or rent, any real estate for others. The receiver says this definition includes the work of Myers, and shows that he was in the employ of Tucker.

But that act does not create a new definition of employer and employee. A real estate broker may employ a real estate salesman and pay him in commissions, but at the same time a real estate broker and a salesman may enter into a joint enterprise, the broker furnishing the office and equipment generally, and the salesman supplying the active service in selling real estate. It was not a case of selling real estate "for others," but for themselves and dividing equally the commission. When the property was sold,

one-half the commission belonged to Myers; was his individual property.

The receiver, with reference to the commission in question, stands in the place of Tucker. He has property belonging to Myers. This is a trust relation. The receiver as trustee holds money belonging to Myers, his cestui que trust, and should turn it over to him.

The receiver, in bringing suit to recover the commission, was acting for Myers as well as for himself. The suit was necessary in order to secure the funds which will benefit Myers as much as himself. Consequently Myers should pay his proportional share of the expenses of the suit, including his half of the receiver's counsel fee. If agreement cannot be reached as to the amount of it, application should be made to the trial judge to fix it.

As thus modified, the decree of the District Court is affirmed.