**FLORIDA INDUSTRIAL COMMISSION** and **CHARLES C. BRAND,** v. **PENINSULAR LIFE INSURANCE COMPANY,** a corporation.

10 So. (2nd) 793                    June Term, 1942
December 8, 1942                           En Banc
Rehearing Denied January 8, 1943

*Burnis T. Coleman, John P. Mack* and *S. Sherman Weiss,* for appellants.

*Milam, McIlvaine & Milam,* for appellee.

TERRELL, J.:

Charles C. Brand, an insurance agent, working for appellee on commisison basis became unemployed and filed his claim for unemployment compensation. It was denied by the Florida Industrial Commission but on appeal was approved by the Appeals Referee and the Board of Review. This appeal is from the judgment of the circuit court reversing the judgment of the Board of Review.

The first question presented is, (1) whether departmental interpretations of the Federal Social Security Act as to who are employees and employers is binding on the courts, (2) whether such interpretations of the definitions of "employment" are within the meaning of the Florida Unemployment Compensation Act and (3) whether departmental interpretations of the Federal Act made after the Florida Act becomes effective binding on the courts of the State.

This question is so academic that it would hardly seem necessary to devote much space to an answer. It is within the province of the Legislature to approve or disapprove administrative interpretations of a State or Federal Act that are in effect at the time the Legislature acts but it would not be competent for the Legislature to approve administrative interpretations of a Federal or other act to be promulgated in the future.

An inspection of Section 3-E-VI (i), Chapter 18402, Acts of 1937, and the same Section of Chapter 19637, Acts of 1939, Florida Social Security Act, can leave no doubt that the Legislature adopted the Federal regulations in prescribing who are "employers" and "employees." Then by Chapter 20685, Acts of 1941, the legislature in terms exempted all insurance agents compensated on a commission basis from the provisions of the act. In our view, Regulation 90, Article 205 of the Treasury Department of the United States having been approved by the Florida Social Security Act was ample for this purpose so Chapter 20685, Acts of 1941, as to that was mere surplusage. Hutchins v. Mayo, 143, Fla. 707, 197 So. 495.

The fourth, fifth, sixth, and seventh questions have to do with applications of the Florida Unemployment Compensation Act to various situations that become unnecessary to treat in view of what we have said in answer to the first question. A reading of the judgment appealed from does not convince us that the court below gave consideration to these questions when he entered the decree appealed from.

The last question argued has to do with that of whether or not the definition of "employment" was "wages" as applied in the Florida Unemployment Act did not in fact enlarge upon the common law concept of master and servant.

This question was before us in Gentile Brothers Company, v. Florida Industrial Commission, et al., decided November 20, 1942, not yet reported. What we there said is a complete answer to this question. It is not out of place to state however that on account of appellant's insistence we have reviewed the argument on this point again and find no escape from the conclusion reached in the last cited case.

Appellant grounds this aspect of his case on the contention that the a-b-c provisions of Section Three of the Social Security Act supersede the common law definition of employment. Neither the history of the a-b-c provisions nor the accepted canons of construction support this contention. It appears that these provisions were first contained in the Wisconsin Social Security Act and the Supreme Court of that state in Wisconsin Bridge and Iron Co. v. Ramsey 233 Wis. 467, 290 N. W. 199, applied the common law meaning to the words "employee" and "employer." A great majority of the states have followed this interpretation and we think the very terms of the Florida Act make it mandatory.

It is also shown that social security as now known is a cooperative effort on the part of the State and Federal government to effectuate a purpose common to both. For this reason practical experience has shown that uniformity of interpretation between the states and the general government must be attained; otherwise a competitive spirit is developed that will result in gross inequities. The title and body of the Florida Act point conclusively to the necessity for uniformity.

The judgment appealed from is affirmed.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.