[No. 29456.    *En Banc.*    November 2, 1945.]

*In the Matter of the Appeal of* Tom Coppage, *Appellant,* v. E. B. Riley, *as Commissioner of Unemployment Compensation and Placement, Respondent.*[1]

*Lynwood Fix,* for appellant.

*The Attorney General* and *George W. Wilkins, Assistant,* for respondent.

### On Rehearing.

Per Curiam.—Upon a rehearing *En Banc,* a majority of the court adhere to the result reached by the Departmental opinion heretofore filed herein, and reported in 22 Wn. (2d) 802, 157 P. (2d) 977.

Mallery, J. (dissenting)—I quote from the majority opinion:

"Appellant is a licensed real estate broker in Seattle  .  .  .  His principal business is that of selling real estate.   The business of selling real estate was handled by licensed real estate salesmen working out of appellant's office under an arrangement whereby the salesmen divided any commissions that they were instrumental in earning, one half to the salesman and one half to appellant.  .  .  .

"Appellant testified that he would not permit his salesmen to sell for other real estate firms."

The majority opinion holds that the real estate salesmen were not in employment.   The question in this case is whether the salesmen are in *employment* under the terms of the unemployment compensation act.  That question requires an interpretation of the statutory definition of *employment.*   The pertinent statute is Rem. Rev. Stat. (Sup.), § 9998-119 (g) (1), (5) [P. P. C. § 928-1] which is as follows:

"(g) (1)  " 'Employment,' subject to the other provisions in this subsection, *means service,* including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied.

"(5)  *Services performed by an individual for remuneration shall be deemed to be employment* subject to this act unless and until it is shown to the satisfaction of the director that:

"(i)  Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

"(ii)  Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprises for which such service is performed; and

"(iii)  Such individual is customarily engaged in an independently established trade, occupation, profession or business, of the same nature as that involved in the contract of service." (Italics mine.)

[1]Reported in 163 P. (2d) 140.

The majority opinion divides the above provisions into two parts. I quote from the opinion:

"In other words, the three subdivisions (i), (ii), and (iii) upon which counsel for the commissioner rely are merely *exceptions* to the general *definition* of employment and apply only to those who fall within the ordinary *definition* of 'employer'; that is, the three *exceptions* do not apply until after it has been determined that the service in question is within the term 'employment' and that, until it has been so determined, the limitations have no application whatsoever." (Italics mine.)

From this it necessarily follows, in as much as the majority opinion does not apply the *exceptions* in this case, that it was guided exclusively by the first part of the statute that defines *employment* as *service,* that is, *services performed by an individual for remuneration.*

For convenience I shall follow that division in my discussion and refer to Rem. Rev. Stat. (Sup.), § 9998-119 (g) (5) which provides that *employment* means *service* and *services performed by an individual for remuneration shall be deemed to be employment* as the *definition* and to Rem. Rev. Stat. (Sup.), § 9998-119 (g) (5) (i), (ii), (iii) as the *exceptions.*

Following, then, the division of the statute adopted by the majority opinion and applying the *definition* that service for remuneration is *employment,* we see that the real estate salesmen are in employment since it is impossible to say they render no service and receive no remuneration. In the face of this, the majority opinion holds that the real estate salesmen are *not* in employment. This can only be done by ignoring the *definition* and arriving at that conclusion from the consideration of principles entirely outside of the statute.

The statutory definition of the kind of *employment* that is the subject of the act is a masterpiece of clarity. It may be stated as including all service for remuneration that does not fall under the exceptions. It makes no attempt to enumerate specifically by name or common-law terms the services meant. It arrives at the field covered by the act by describing a broader field than intended and then excepting therefrom the field not intended and thereby arriving at the remainder as the subject of the legislation.

To ignore the *exceptions* then and look only to the *definition* that *employment* means *services for remuneration,* obviously takes in too much territory. It is broad enough to compel inclusion within the terms of the act everyone who does anything for remuneration. The true intent of the legislature is to be ascertained by excluding from this broad field all those, and they are many, who fall within the *exceptions.*

All real estate salesmen render service for remuneration and are thus in the broad field of the *definition.* Are they nevertheless within the *exceptions* and therefore outside the act? Some are and some are not. Those who, as individuals, work directly for the owners of the real estate are not under the act, and the owner is not subject to assessment for the unemployment compensation fund because he meets the requirements of the *exceptions.* Those who work for real estate brokers are within the purview of the act because the broker does not meet the *exceptions.*

· *Service for remuneration* is the definition for *employment*. When the substantive facts of service and remuneration are found, the definition is met and *employment* necessarily follows unless the *exceptions* are met.

The majority opinion obviously searches for the meaning of *employment* beyond the statute itself. It could not otherwise hold that the services and remuneration in this case are not *employment*.

I do not agree with the majority opinion and subscribe to the following quotation from *State ex rel. Ronald v. Clausen*, 114 Wash. 520, 195 Pac. 1018:

"'A statute is not to be read as if open to construction as a matter of course. It is only in the case of ambiguous statutes of uncertain meaning that the rules of construction can have any application. Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the *courts are not permitted to search for its meaning beyond the statute itself.* When the meaning of a law is evident, to go elsewhere in search of conjecture in order to restrict or extend the act would be an attempt to elude it, a method which, if once admitted, would be exceedingly dangerous, for there would be no law, however definite and precise in its language, which might not by interpretation be rendered useless. In such a case arguments from the reason, spirit or purpose of the legislation, from the mischief it was intended to remedy, from history or analogy for the purpose of searching out and justifying the interpolation into the statute of new terms, and for the accomplishment of purposes which the lawmaking power did not express, are worse than futile. They serve only to raise doubt and uncertainty where none exist, to confuse and mislead the judgment, and to pervert the statute.'" (Italics mine.)

The judgment should be affirmed.

BLAKE, J., concurs with MALLERY, J.