117 So.2d 538 (1960)
FLORIDA INDUSTRIAL COMMISSION, an Agency of the State of Florida, Appellant,
v.
Phil SCHOENBERG, Appellee.
No. 59-150.
District Court of Appeal of Florida. Third District.
January 28, 1960.
*539 Burnis T. Coleman, Tallahassee, for appellant.
Tobias Simon, Miami, for appellee.
CARROLL, CHAS., Judge.
By this appeal the Florida Industrial Commission challenges the correctness of a declaratory decree which ruled that the appellee, a real estate broker, was not an employer of the real estate salesmen affiliated with him in his business, held that the salesmen were independent contractors and did not come within the provisions for employees under the Florida Workmen's Compensation Law, Ch. 440, Fla. Stat., F.S.A., and enjoined appellant from requiring appellee to secure workmen's compensation insurance for the subject salesmen.[1]
Appellee is a licensed real estate broker. Under oral agreements, he utilizes the services *540 of some nine registered and licensed real estate salesmen. He maintains two offices, provides desks and telephones therein to the salesmen, and pays all incident rents and utilities. All sales are solicited and consummated in appellee's name, and all checks and payments are in his name. The salesmen collect no money, and have no authority to close transactions in their individual identities. The association between appellee and his salesmen can be terminated by either party at any time without liability. The salesmen draw no wages or salaries as such, but are compensated by becoming entitled to 60% of the commissions accruing to the broker through their efforts. The salesmen have no expense accounts, provide their own means of transportation, and use their own judgment in contacting and negotiating with prospects. In all other respects the salesmen are independent of the broker, and not accountable to him for their time or activities. The broker exercises no control over the manner, method and performances of their services and he does not concern himself with the details of their work, but only in the results thereof.
The term "employee" is defined in the Florida Workmen's Compensation Law (§ 440.02(2), Fla. Stat., F.S.A.), as follows:
"The term `employee' means every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens. and also including minors whether lawfully or unlawfully employed, but excluding independent contractors and excluding persons whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer."
It will be noted that in defining employees, the statute expressly excludes independent contractors. But the statute does not define independent contractors. We are left, therefore with the necessity of using the common law definition and meaning of independent contractors, in determining the status of real estate salesmen under this act. See Gentile Bros. Co. v. Florida Industrial Commission, 151 Fla. 857, 10 So.2d 568; Florida Industrial Commission v. Peninsular Life Ins. Co., 152 Fla. 55, 10 So.2d 793.
The determinative question of whether the legal relationship of an employer and employee exists between the appellee and the real estate salesmen is one which does not appear to have been passed on by an appellate court in this state, but the question has been considered numerous times in other jurisdictions as will be noted from the authorities cited herein. We are *541 inclined to decide this question, as did the learned chancellor, in accordance with the weight of authority on the point. While each such case must depend upon the particular facts there presented, a reading of the cases shows that the principal facts as to the status of the salesmen and the degree of control of the broker are largely the same in these real estate salesman cases.
Our research of the authorities, while by no means complete, disclosed that the question has been answered by appellate courts in eight states and in two federal circuits, in cases presenting substantially similar circumstances, by holding that real estate salesmen are independent contractors and are not employees of the broker with whom they are affiliated;[2] and that appellate courts in four states have held real estate salesmen to be employees and within the scope of compensation acts.[3]
In determining whether a real estate salesman, under the Florida Workmen's Compensation Law, is an employee or is excluded from coverage as being an independent contractor, we must observe the established rule that "the Workmen's Compensation Act should be liberally construed in relation to those it was designed to reach but the rule of liberal construction can not be strained to the point of extending it to employments not within its scope or intent[4]."
*542 Those cases which, under substantially similar statutory provisions, hold real estate salesmen to be independent contractors, reach that conclusion through application of generally accepted common law definitions of such a status. They rely heavily on the presence or absence of supervisory power to control the method and detail of performance of the services rendered. Thus, absence of immediate control of such a real estate salesman, freedom of movement and activity in his work, and a free choice in the allocation and disposition of his time, have been held to establish the salesman's status as an independent contractor. See Louis A. Demute, Inc. v. Michigan Employment Security Comm., supra, 339 Mich. 713, 64 N.W.2d 545, 550. The broker's right to terminate the salesman's services at any time is not per se indicative of an employee-employer status when other evidence fully supports the presence of an independent contractor relationship. California Employment Stabilization Comm. v. Morris, supra, 28 Cal.2d 812, 172 P.2d 497, 501.
Florida cases dealing with the problem of determining whether one is an employee or independent contractor reveal the following: In Magarian v. Southern Fruit Distributors, 146 Fla. 773, 1 So.2d 858, 861, the Supreme Court said:
"It appears generally conceded that no hard and fast rule may be stated to control the determination of the question as to whether one occupies the status of an employee or that of an independent contractor and that each case must stand on its own facts and, therefore, no useful purpose may be served by citing particular cases involving different factual conditions."
In Baya's Bar & Grill v. Alcorn, Fla. 1949, 40 So.2d 468, 469, it was said:
"Of course independent contractors are excluded from the operation of the Workmen's Compensation Law. Section 440.02(2), Florida Statutes 1941, and F.S.A. In the case of Gulf Refining Company v. Wilkinson, 94 Fla. 664, 114 So. 503, text 505, it was stated that the right of control as to the manner of doing work was the principal test in determining whether one engaged was an independent contractor or a servant and that another `test is whether the employee represents his employer as to the result of the work only, or as to the means as well as the result.' So, if an employee is subject to the control or direction of the owner only as to the result, he is an independent contractor, but if controlled by the employer as to the means used, he is not. That case was decided in 1927, before the adoption of the Workmen's Compensation Law, but in Gentile Bros. Co. v. Florida Industrial Commission, 151 Fla. 857, 10 So.2d 568, 570, we recognized the same definition when we said that an independent contractor was one who pursued an individual employment or occupation and represented `his employer as to the results of his work but not as to the means by which the results [were] accomplished.'"
Appellant directs our attention to an opinion of the Attorney General (056-54, 1955-1956 Ops. Att'y Gen. 520, February 27, 1956) holding that real estate salesmen are not independent contractors, but are employees under the Florida Workmen's Compensation Law. In that opinion the Attorney General cites several instances in Ch. 475, Fla. Stat., F.S.A., the Real Estate License Law, where real estate salesmen are referred to as being employees of brokers and where a real estate broker is mentioned as employer of his salesmen. While some consideration should be given to the designation in the real estate licensing statute of salesmen as being the employees *543 of the broker, or of the broker being an employer of a real estate salesman, it is generally held that such references in real estate licensing acts are not determinative of the status of a real estate salesman and do not of themselves create a new employer-employee relationship under a workmen's compensation law or an unemployment insurance act, and are of little influence in that connection. Koehler v. Myers, supra, 3 Cir., 1927, 21 F.2d 596; California Employment Stablization Comm. v. Morris, supra, 28 Cal.2d 812, 172 P.2d 497; Louis A. Demute, Inc. v. Michigan Employment Security Comm., supra, 339 Mich. 713, 64 N.W.2d 545; In re Wilson Sullivan Co., supra, 289 N.Y. 110, 44 N.E.2d 387.
In California Employment Stablization Comm. v. Morris, supra, 172 P.2d at page 500, in commenting on this feature, the California Supreme Court said:
"The Real Estate Act, supra, does not establish as a matter of law the status of every salesman as being `in employment' within the meaning of the Unemployment Insurance Act. The licensing statute was not promulgated for that purpose; it was designed for the protection of the public, the primary function being to allow only those persons to operate as real estate brokers and salesmen who are honest, truthful, and of good reputation. Riley v. Chambers, 181 Cal. 589, 593, 185 P. 855, 8 A.L.R. 418; Gray v. Horne, 48 Cal. App.2d 372, 119 P.2d 779; Koeberle v. Hotchkiss, 8 Cal. App.2d 634, 640, 48 P.2d 104. The act operates in a comparatively narrow field and the legislation should not be interpreted so as to give a meaning beyond its realm and scope. * * *"
And in Louis A. Demute, Inc. v. Michigan Employment Security Comm., supra, 64 N.W.2d at page 549, it was said:
"There is no conclusive reason why the terms of the real estate license law should be read into the Michigan employment security act. The statutes were not designed to effectuate a common result. The terms of the real estate license law must be taken as only one factor along with the many others, in determining whether a common-law employer-employee relationship existed between the broker and salesmen. It is not alone determinative of the relationship. * * *"
Referring again to the 1956 Attorney General's opinion giving real estate salesmen an employee status, and the weight to which such opinion is entitled[5], we note that it is in conflict with opinions of two prior Florida Attorneys General which express an opposite view on this subject. 0-636, 1939-1940 Ops. Att'y Gen. 360, November 3, 1939; 041-546, 1941-1942 Ops. Att'y Gen. 580, September 3, 1941.
Considering the evidence in this case against the background of the Workmen's Compensation Law, and applying the rules for construction as outlined above, we hold that the chancellor's findings were amply supported by the record, and that his conclusions, following as they did the weight of authority on the questions of law involved, resulted in a correct decree, which we hereby affirm.
Affirmed.
HORTON, C.J., and MILLEDGE, STANLEY, Associate Judge, concur.
NOTES
[1] The declaratory decree was as follows:

"This Cause having come on to be heard before me upon final hearing, and the court having heard the testimony of witnesses and being fully advised in the premises, finds that:
"1. The court has jurisdiction of the parties and subject matter.
"2. The plaintiff, a real estate broker, duly licensed and authorized to practice in the State of Florida, is associated with at least nine persons who are real estate salesmen, likewise duly licensed and authorized to practice in the State of Florida.
"3. These nine persons perform their functions as salesmen in the office of the plaintiff, and in the name of the plaintiff as broker, and do not collect any sums of money in connection with any real estate transaction, but in every other respect are completely independent of the plaintiff, are not responsible to him for their time or their activities nor does the plaintiff concern himself with the details of their work or their operations, but on the contrary, concerns himself and has an interest in only the results of their actions.
"4. Other than the aforesaid nine persons indicated, the plaintiff is not an employer of any other persons.
"5. The plaintiff has failed to secure the payment of compensation under the provisions of F.S. 440 entitled Workmen's Compensation Law on behalf of the aforesaid nine persons `employed' by him in connection with his real estate business.
"6. The defendant has notified the plaintiff that he is in violation of the provisions of F.S. 440.02 and 440.03 by virtue of his failure to secure the payment of compensation for the aforesaid nine persons.
"7. The aforesaid real estate salesmen are independent contractors and are not employees within the meaning of F.S. 440 for whom the plaintiff would be required to obtain Workmen's Compensation Insurance.
"Now, Therefore, be it Ordered, Adjudged and Decreed as follows:
"1. The plaintiff, Phil Schoenberg, is not an employer as that term is defined by the provisions of F.S. 440 whereby he would be required to secure Workmen's Compensation Insurance for the real estate salesmen associated with him.
"2. The defendant be and it is hereby enjoined from requiring the plaintiff to secure Workmen's Compensation Insurance under the provisions of F.S. 440, during such time as his relationship with his employees remains the same, or substantially so, as above set forth."
[2] See Koehler v. Myers, 3 Cir., 1927, 21 F.2d 596 (suit to establish joint venture); Dimmitt-Rickhoff-Bayer Real Estate Co. v. Finnegan, 8 Cir., 1950, 179 F.2d 882, certiorari denied 340 U.S. 823, 71 S.Ct. 57, 95 L.Ed. 605 (Federal employment taxes); California Employment Stabilization Comm. v. Morris, 28 Cal.2d 812, 172 P.2d 497, reversing Cal. App. 1946, 165 P.2d 503 (unemployment compensation); California Employment Stabilization Comm. v. Norins Realty Co., 29 Cal.2d 419, 175 P.2d 217, reversing Cal. App. 1946, 169 P.2d 955 (unemployment compensation); Royal Indemnity Co. v. Industrial Accident Comm., 104 Cal. App. 290, 285 P. 912 (workmen's compensation); Commonwealth ex rel. Division of Unemployment Insurance v. Kendall, 313 Ky. 735, 233 S.W.2d 511 (unemployment compensation); Louis A. Demute, Inc. v. Michigan Employment Security Comm., 339 Mich. 713, 64 N.W.2d 545 (unemployment compensation); A.J. Meyer & Co. v. Unemployment Compensation Commission, 348 Mo. 147, 152 S.W.2d 184 (unemployment compensation); In re Wilson Sullivan Co., 289 N.Y. 110, 44 N.E.2d 387 (unemployment compensation); Realty Mortgage & Sales Co. v. Oklahoma Employment Security Comm., 197 Okla. 308, 169 P.2d 761 (unemployment compensation); Guaranty Mortgage Co. of Nashville v. Bryant, 179 Tenn. 579, 168 S.W.2d 182 (unemployment compensation); Coopage v. Riley, 22 Wash.2d 802, 157 P.2d 977; 24 Wash.2d 968, 163 P.2d 140 (unemployment compensation).
[3] McClain v. Church, 72 Ariz. 354, 236 P.2d 44, 29 A.L.R.2d 746 (unemployment compensation); Babb & Nolan v. Huiet, 67 Ga. App. 861, 21 S.E.2d 663 (unemployment compensation); Graham v. Miera, 59 N.M. 379, 285 P.2d 493 (unemployment compensation); Rahoutis v. Unemployment Compensation Commission, 171 Or. 93, 136 P.2d 426 (unemployment compensation). Several early California cases were to the same effect (Brown v. Industrial Accident Commission, 174 Cal. 457, 163 P. 664 (workmen's compensation); Hartford Accident & Indemnity Co. v. Industrial Accident Comm., 93 Cal. App. 313, 269 P. 733 (workmen's compensation), but the rule in that state now appears in accord with that of the majority of the jurisdictions. See California cases cited in Note 2, supra.
[4] Leon County v. Sauls, 151 Fla. 171, 9 So.2d 461, 463-464, where upon holding a certain person was not within the act the court also said: "In this conclusion we have not overlooked the jural postulate actuating Workmen's Compensation, the insurance theory of liability and other social security legislation in many states, viz.: when misfortune overtakes any unit of society, it should be borne by society as a whole or when large numbers are employed in any industry, the industry should bear the misfortune of the individual. The legislature may employ these devices to distribute the burden but courts are not permitted that latitude. The question of sympathy or who is most able to bear the loss is not a part of the judicial process."
[5] Such an opinion, "while not binding on the courts, is entitled to weight in construing the Florida statutes." Perry v. Larson, 5 Cir., 1939, 104 F.2d 728, 729, 730.