PER CURIAM.
This petition for writ of certiorari is presented to review an order of the State Beverage Department of Florida which assessed a civil penalty of $250 and a suspension of petitioner’s license for a period of 15 days. The director’s order found that the licensee “or your agents caused or permitted to be employed on your licensed premises certain minors for the purpose of providing entertainment, in violation of § 562.13, Fla.Stat. [F.S.A.]” The pertinent portion of the statute referred to is as follows :
“562.13 Employment of minors, or certain other persons by certain vendors prohibited. — It is unlawful for any vendor licensed under the beverage law to employ any person under twenty-one years of age; provided, however, this section shall not apply to professional entertainers between the ages of eighteen and twenty-one years who are not in school * *
The question for determination is whether or not a minor (sixteen years of age), who was one of the members of a band which was “auditioned” for one night without payment of compensation, was an employee of the petitioner-licensee.
The Supreme Court of Florida in City of Boca Raton v. Mattef, Fla.1956, 91 So.2d 644, held that a painter who undertook to paint the name of the town on a water *706 tower before the drafting of a contract, where the work was to be conditioned upon the drafting of a contract to protect the town’s interest, was not an employee of the town. In so holding, the court defined an employee as “one who for a considera-* tion agrees to work subject to the orders and direction of another, usually for regular wages but not necessarily so, and, further, agrees to subject himself at all times during the period of service to the lawful orders and directions of the other in respect to the work to be done.” City of Boca Raton v. Mattef, supra, 647.
We do not find that the courts have defined employment as used in the beverage law, but in referring to the term as used in the Florida Social Security Act the Supreme Court has held that the Act does not enlarge the common law concept of the word. Florida Industrial Comm. v. Peninsular Life Ins. Co., 152 Fla. 55, 10 So.2d 793, 794 (1942). We therefore hold that the term, as used in the beverage law, refers to the commonly accepted or common law definition of employment.
In the instant case, the uncon-tradicted testimony of the licensee is that the minor was not employed, but was on the premises merely for the purpose of audition. We therefore hold that the minor was not an employee because there was no agreement for compensation. The respondent points out that it is puzzling that the licensee would give an audition to this group before first ascertaining their legal qualifications. It is urged that this disregard of the licensee’s obligation to protect the morals of minors is a discredit to the community and is reprehensible. Nevertheless, in the absence of proof of employment, the order of the director cannot be sustained. Therefore, the order of the director, dated June 17, 1965, assessing the fine and suspension is quashed.
It is so ordered.